UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TACITA FAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:17-CV-02391 |
| ) | |
| COMMUNICATIONS UNLIMITED, ) | |
| INC., C.U. EMPLOYMENT, INC., ) | |
| COMMUNICATIONS UNLIMITED ) | |
| CONTRACTING SERVICES, INC., ) | |
| COMMUNICATIONS UNLIMITED ) | |
| ALABAMA, INC., and MARTIN C. ) | |
| ROCHA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS C.U. EMPLOYMENT, INC., COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC., AND MARTIN C. ROCHA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

COME NOW Defendants C.U. Employment, Inc., Communications Unlimited Contracting Services, Inc. (collectively "Communications Unlimited"), and Martin C. Rocha, by and through counsel, and for their Memorandum in Opposition to Plaintiff Tacita Fair ("Fair")'s Motion for Conditional Certification state as follows:

**INTRODUCTION**

Fair's Complaint includes alleged violations of the Fair Labor Standards Act ("FLSA") directed towards Communications Unlimited and Martin C. Rocha. Based on her Complaint, Fair has requested that the Court conditionally certify a class pursuant to 29 U.S.C. § 216(b). However, neither Fair's Complaint nor her Motion for Conditional Certification actually include a proposed class definition, which alone warrants

dismissal of her Motion. Additionally, there are several other reasons that Fair's Motion must be denied.

First, Fair has failed to carry her burden and assert substantial allegations that the putative class members were the victims of a single decision, policy, or plan. Fair has not made any substantial factual allegations that would support certifying any class, let alone a nationwide class, and her allegations regarding any named Defendants' employment of the other Technicians described in her Complaint could not possibly be based on Fair's actual, personal knowledge.

Further, Fair's Complaint does not specifically identify which of the named Defendants actually employed her—she simply listed the names of the individual Defendants, and stated in a conclusory way that all named Defendants collectively are her employer as a "single integrated enterprise", without putting forth any specific facts that would support her assertions. Additionally, Fair's allegations regarding the named Defendants' alleged operations and treatment of Technicians outside of the Saint Louis, Missouri area are devoid of detail, conclusory, and do not even attempt to show how Fair could have any actual, personal knowledge of the facts underlying these allegations.

For these reasons, Fair's Motion for Conditional Certification should be denied.

## ARGUMENT

**I.  Fair has failed to carry her burden for conditional certification of the proposed class because she has not asserted any substantial allegations that the putative class members were the victims of a single decision, policy, or plan, and her clamed basis for certification consists solely of conclusory, unsupported assertions not based on personal knowledge.**

Even under the "two-step" analysis for conditional certification under the FLSA, courts in this district have recognized that "while the burden on the plaintiff is relatively

2

low at this initial stage, it is not invisible." *Wacker v. Personal Touch Home Care, Inc.*, No. 4:08CV93, 2008 WL 4838146, at *2 (E.D. Mo. Nov. 6, 2008) (Perry, J.). "Unsupported assertions or those not based on personal knowledge will not show that [plaintiffs] are similarly situated for conditional certification [under the FLSA]." *Settles v. General Electric*, No. 12–00602–CV–W–BP, 2013 WL 12143084, at *2 (W.D. Mo. Feb. 19, 2013); *see also Wacker*, 2008 WL 4838146 at *2 (denying conditional certification of a national class where the plaintiff failed "to explain how, from her office in Missouri, she learned the facts she purports to know about the [defendants'] operations [outside of Missouri]"); *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004) ("[T]he initial *ad hoc* FLSA class certification standard does require plaintiff to provide more than his own speculative allegations, standing alone.").

As stated above, neither the Complaint nor Fair's Motion for Conditional Certification actually include a proposed class definition—Fair's Motion should be denied for this reason alone.  However, there are further deficiencies in the Complaint and Motion that warrant denial.

Simply put, Fair has not made any substantial factual allegations that would support certifying a nationwide class, and her allegations regarding any of Communication Unlimited's out-of-state subcontractors could not possibly be based on Fair's actual, personal knowledge.  Fair's complaint alleges, in as simple and conclusory language as possible, that "Defendants are inter-related, commonly owned and controlled businesses," (P.'s Compl. ¶ 10), "Defendants classify many of their Technicians as 1099 independent contractors and not as employees," (*id.* at ¶ 24), "Defendants classified Plaintiff and those similarly situated as independent contractors," (*id.* at ¶ 26), "Defendants' classification of Technicians as independent

3

contractors constitutes a common decision, policy or plan denying Technicians overtime compensation . . . [that] was a centralized decision of Defendants not particular to any office/warehouse or location of Defendants," (*id.* at ¶ 28, 30), and that "Technicians, including Plaintiff, worked over 40 hours per work week without overtime compensation." (*Id.* at ¶ 97).

Nothing in Fair's Complaint or Motion for Conditional Certification indicates that she has any actual, personal knowledge of **any** other putative class members' work classification, schedule, hours, or any other facts that would support including Communication Unlimited's other subcontractors in Fair's proposed class. Fair has not submitted anything in support of her Motion that demonstrates that Fair actually has, or could possibly have, **actual, personal knowledge** of the details of any Technician's employment besides her own. And Fair has failed to demonstrate any actual, personal basis for any of her conclusory allegations pertaining to the operations of Communication Unlimited, Communication Unlimited's decision-making process regarding its employees and independent contractors, Communication Unlimited's relationship to the other named Defendants, and the hiring and employment practices of any of Communication Unlimited's out-of-state subcontractors.

Further, Fair's Complaint does not specifically identify which of the named Defendants actually employed her—she simply listed the names of the individual Defendants, (*id.* at ¶¶ 5–9), and stated in a conclusory way that all named Defendants collectively are her employer as a "single integrated enterprise", without putting forth any specific facts that would support her assertion. (*Id.* at ¶¶ 10–13). The lack of substantial facts is most stark with regard to Defendant Martin Rocha. Rocha is named in a single paragraph of Fair's Complaint, in which Fair alleges that Rocha is her

4

"employer" under the FLSA, (*id.* at ¶ 9), but makes no specific mention of Rocha anywhere else in her Complaint, and provides no basis for her conclusion that Rocha should be considered one and the same with the other named Defendants. (*Id.* at ¶¶ 1–137).

Fair's bare, conclusory allegations regarding the relationship between the named Defendants' are unsupported by any substantial facts, and do not demonstrate or even allege any possible basis for Fair to have any actual, personal knowledge of facts that could support her allegations. Additionally, Fair's allegations regarding the named Defendants' alleged operations and treatment of Technicians outside of the Saint Louis, Missouri area, (*see id.* at ¶¶ 30, 34–48), are undetailed, conclusory, and do not even attempt to show how Fair could have any actual, personal knowledge of the facts underlying these allegations.

District courts have repeatedly denied conditional certification of putative FLSA classes where the plaintiff fails to introduce evidence based on the plaintiff's, or anyone else's, personal knowledge of the allegations contained in the complaint. *See, e.g.*, *Andrews v. Appletree Answering Service*, No. 4:11 CV 2227, 2012 WL 2339322, at *3 (E.D. Mo. June 19, 2012) (Sippel, J.) (denying conditional certification of nationwide class where plaintiffs failed to establish that they had personal knowledge of the practices at facilities outside of Saint Louis, Missouri); *Wacker*, 2008 WL 4838146 at *2–4 (Perry, J.); *Meriwether v. Beverley Hills Liquor & Grocery Inc.*, No. 4:13 CV 651, 2014 WL 200355, at *3–4 (E.D. Mo. Jan. 17 2014) (Perry, J.) (denying conditional certification where the plaintiff did not "show that there is some factual basis beyond the mere averments in [her] complaint for the class action allegations," and could not establish "either by affidavit or deposition—that any potential class member other than

5

the plaintiff ever worked overtime without overtime pay"); *Settles v. General Electric*, 2013 WL 12143084, at *5 (Phillips, J.) (denying conditional certification where affidavits submitted by the plaintiff were "vague, lack[ed] detailed support beyond the averments in the Complaint, and [were] not based on personal experiences").

Like in those cases, here Fair's Complaint fails to establish that Fair has any personal knowledge of the relationships between the named Defendants, let alone any specific personal knowledge of any of Communications Unlimited's, or other named Defendants', employees, independent contractors, or subcontractors. While a plaintiff's burden of proof is low, it is not non-existent—a plaintiff's required factual showing cannot be satisfied simply by unsupported assertions or conclusory allegations in their complaint devoid of evidentiary value. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010); *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264, 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014). Because Fair's Complaint and materials submitted in support of her Motion contain only unsupported assertions not based on personal knowledge, Fair's Motion for Conditional Certification must be denied.

**II.   The cases cited by Fair in support of her Motion are easily distinguishable and highlight why Fair's putative class should not be certified.**

The primary justification for Fair's request for conditional certification is that "Plaintiff has provided factual allegations that Technicians were misclassified," and that "[a]llegations of misclassification of workers as independent contractors commonly provides sufficient basis for conditional certification." (Pl.'s Mot. for Cond. Cert. at 5).

The deficiencies of Fair's "factual allegations" contained in her Complaint—namely, said allegations are all conclusory and unsupported by personal knowledge—are discussed at length in the foregoing section of this Memorandum. Further, the case

6

cited by Fair in her Motion, *Holliday v. J S Exp. Inc.*, No. 4:12-CV-01732, 2013 WL 2395333 (E.D. Mo. May 30, 2016), does not stand for the proposition that the mere **allegation** that plaintiffs are similarly situated will support the certification of a nationwide class.

In *Holliday*, the entire issue of conditional certification hinged on whether the plaintiffs had sufficiently met their burden to show "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id*. at *2. However, the plaintiffs in *Holliday*, like Fair, had not introduced any supporting evidence for their allegations in the form of declarations or affidavits. *Id*. at *3–4. Instead, the *Holliday* plaintiffs introduced a detailed report of a Department of Labor investigation into the defendant's business that concluded that defendant had actually misclassified its employees as independent contractors. *Id*. at *3–6. The court's decision to conditionally certify the plaintiffs' class hinged solely on the existence of the DOL report. *Id*. at *4 ("Here, in lieu of affidavits, Plaintiffs rely on the detailed findings of the DOL.").

Like *Holliday*, Fair has not introduced any substantial evidence supporting her allegations concerning Communications Unlimited—Fair has not introduced any affidavits or declarations from other putative class members, or any actual evidence supporting the conclusory allegations contained in her Complaint. Fair's actual, personal knowledge of her allegations, to the extent that any even rise to the level necessary to support her individual claims, only extends to her own experiences as a Technician in the Saint Louis, Missouri area. Fair has not shown that she has any real basis for any allegations pertaining to other Technicians in the Saint Louis area, let alone Technicians in other parts of the country. But, **unlike** *Holliday*, Fair is not

7

pointing to a detailed report by a government agency that concluded that Communications Unlimited or any other named Defendant improperly classified any employees or independent contractors. Accordingly, the *Holliday* decision actually weighs against Fair's request for conditional certification.

Finally, Fair cites to a multitude of district court decisions in other jurisdictions for the proposition that "[c]ourts routinely grant conditional certification in cases involving misclassification of cable installers as independent contractors." (Pl.'s Mot. at 6). However, even a cursory review of those cases reveals that conditional certification was granted **only in the presence of multiple affidavits, declarations, or other sworn statements by other members of the putative classes.** *See, e.g.*, *Benion v. Lecom, Inc.*, 206 WL 2801562, at *10–11 (E.D. Mich. May 13, 2016) (conditional certification granted due to statements by multiple plaintiffs supporting allegations that they were similarly situated under the FLSA); *Beasley v. Custom Comm's, Inc.*, 2016 WL 5468255, at *3 (E.D.N.C. Sept. 28, 2016) (conditional certification following 38 former or current technicians' filing opt-in forms and submission of 7 declarations based on personal knowledge supporting the facts alleged in the complaint); *Taylor v. Bear Comm's, LLC*, 2013 WL 3270971 (W.D. Mo. June 27, 2013) (recognizing that "[u]nsupported assertions or those not based on personal knowledge" cannot support conditional certification and limiting certification of proposed nationwide class to cable technicians within the defendant's Shawnee, Kansas office due to affiant's lack of personal knowledge of the defendant's operations outside of Shawnee, Kansas).

All of these cases actually serve to further highlight the requirement that Fair's putative class may not be conditionally certified in the absence of **some** actual evidence,

8

backed by personal knowledge, to support the allegations contained in Fair's Complaint. Fair has simply failed to meet her burden to do so, and her Motion must be denied.

## CONCLUSION

WHEREFORE, Defendants C.U. Employment, Inc., Communication Unlimited Contracting Services, Inc., and Martin C. Rocha request that Plaintiff Tacita Fair's Motion for Conditional Certification be denied, and for any other relief the Court deems just under the circumstances.

BROWN & JAMES, P.C.

/s/ Steven H. Schwartz
Steven H. Schwartz,    #36436MO
sschwartz@bjpc.com
James M. Bertucci,    #67263MO
jbertucci@bjpc.com
800 Market Street, 11th floor
St. Louis, Missouri 63101
314.421.3400
Fax: 314.421.3128

**Attorneys for Defendants C.U. Employment, Inc., Communications Unlimited Contracting Services, Inc., and Martin C. Rocha**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 2, 2018, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Kevin J. Dolley
Michael G. Mueth
Law Offices of Kevin J. Dolley, LLC
2726 S. Brentwood Blvd.
St. Louis, Missouri  63144
kevin@dolleylaw.com
Michael.mueth@dolleylaw.com
Attorneys for Plaintiff

                                      /s/ Steven H. Schwartz