UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TACITA FAIR, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 4:17-CV-02391 |
| COMMUNICATIONS UNLIMITED, INC., C.U. EMPLOYMENT, INC., COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC., COMMUNICATIONS UNLIMITED ALABAMA, INC., and MARTIN C. ROCHA, | ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## DEFENDANTS C.U. EMPLOYMENT, INC., COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC., AND MARTIN C. ROCHA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO TOLL FLSA STATUTE OF LIMITATIONS

COME NOW Defendants C.U. Employment, Inc., Communications Unlimited Contracting Services, Inc. (collectively "Communications Unlimited"), and Martin C. Rocha, by and through counsel, and for their Memorandum in Opposition to Plaintiff Tacita Fair ("Fair")'s Motion to Toll FLSA Statute of Limitations state as follows:

### INTRODUCTION

Plaintiff Tacita Fair was an opt-in plaintiff for a Fair Labor Standards Act ("FLSA") case that was dismissed in August 2017.[1] In that case, Fair was one of several other opt-in plaintiffs that affirmatively agreed and consented to be represented by the named plaintiff's counsel. However, Fair and her fellow opt-ins in *Fulton* did not

---

[1] That cased was styled *Fulton v. Communications Unlimited, Inc. et al.*, No. 4:16-CV-00313-RWS (hereinafter "*Fulton*").

diligently pursue their rights in that litigation, and allowed the case to be dismissed for lack of prosecution after violating the court's simple scheduling order. Following the *Fulton* court's dismissal of that case prior to having certified a conditional class, Fair retained her current counsel and filed the pending action. However, Fair now is requesting that the court toll the statute of limitations not only on her own behalf, but also on behalf of the other *Fulton* opt-ins, none of whom have filed new opt-ins in the current case.

Fair's motion to equitably toll the statute of limitations should be denied. The FLSA does not contain a savings statute, and Fair is effectively asking the Court to read a savings statute into the text of the FLSA where none exists via the Court's equitable tolling discretion.

Further, Fair and the other opt-ins must have diligently pursued their rights in the original *Fulton* action in order to now receive the benefits of equitable tolling. Fair and the opt-ins failed to exercise even the most basic level of diligence in the *Fulton* case, allowing it to be dismissed for lack of prosecution after missing multiple deadlines set forth in the court's scheduling order.

Equitable tolling requires exceptional circumstances outside of Fair and the other opt-ins' control, which Fair cannot demonstrate here. In fact, Fair and the opt-ins' failure to adhere to a simple scheduling order in *Fulton* directly led to the dismissal of their claims—this is, by definition, as ordinary of a circumstance as can be. Anyone that affirmatively filed an opt-in agreeing to be represented by and held to the results of the named plaintiff's counsel in *Fulton* must accept and be bound by said results. To hold otherwise would render the past case's proceedings, deadlines, and rulings irrelevant, as well as read a savings statute into the FLSA where none exists.

Fair may argue that she finally began to diligently exercise her rights following the dismissal of the *Fulton* case filing her present claim. However, she cannot do so on behalf of the other *Fulton* opt-ins that have neither filed opt-ins in this case nor filed their own FLSA actions, more than five months after *Fulton*'s dismissal.

For these reasons, Fair's Motion for Conditional Certification should be denied.

## ARGUMENT

**I. Fair has not demonstrated (1) that she, or the *Fulton* opt-in plaintiffs, pursued their rights diligently in the *Fulton* case, nor (2) that exceptional circumstances existed that justify this Court exercising its discretion to equitably toll any statute of limitations.**

Fair invokes the Court's "broad discretion and authority to equitably toll the statute of limitations." (Pl.'s Mot. to Toll at 3). However, in doing so, Fair ignores established Eighth Circuit precedent that describes equitable tolling as "an exceedingly narrow window of relief" that "should . . . be used only in exceptional circumstances." *Firstcom, Inc. v. Quest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009); *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008). Statutes of limitations "protect important interests of certainty, accuracy, and repose," making equitable tolling "an exception to the rule." *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002).

Further, "the party who is claiming the benefit of an exception to [a] statute of limitations bears the burden of showing that he [or she] is entitled to it." *Motley*, 295 F.3d at 824 (citing *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir. 1980)). To successfully invoke equitable tolling, the party seeking relief must establish that (1) it has been pursuing its rights diligently; and (2) that some extraordinary circumstance stood in its way. *Firstcom*, 555 F.3d at 675.

3

Fair's request for equitable tolling is effectively asking the Court to write a savings statute provision into the FLSA, where no such provision exists.[2] To do so would render the *Fulton* proceedings null and void and not bind Fair and the other opt-in plaintiffs to the result of their utter lack of diligence in adhering to the *Fulton* court's scheduling order, which directly led to the dismissal of their case. This is an untenable result that would encourage opt-in plaintiffs to not exercise due diligence in pursuing their claims, and would also render court orders that implicate opt-in plaintiffs meaningless because any affected opt-ins could simply apply for equitable tolling to negate the meaning and force of orders in prior cases.

Fair and the *Fulton* opt-ins cannot establish either of the elements necessary to invoke equitable tolling here. While Fair claims that the *Fulton* opt-in plaintiffs "diligently pursued their rights by timely filing consent forms in **that** action," (Pl.'s Mot. at 3) (emphasis added), the circumstances that led to the dismissal of their claims in *Fulton* show that Fair and the other opt-ins failed to exercise even the most basic diligence to protect their rights in that case. In fact, by dismissing the *Fulton* case for lack of prosecution, the *Fulton* court essentially made a finding that the plaintiffs, including Fair and the other opt-ins, had lost the ability to maintain their claim because they failed to diligently pursue their rights.

Further, Fair has not established that any "extraordinary circumstance" stood in her or the other opt-in plaintiffs' way that prevented them from diligently pursuing and protecting their rights in *Fulton*. Fair asserts that "no act or omission on the part of [the] *Fulton* opt-in plaintiffs resulted in the dismissal of their claims [in *Fulton*]." (*Id.*).

---

[2] *See Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1105–06 (D. Kan. 2012) (declining to equitably toll FLSA statute of limitations noting "the FLSA does not have a so-called 'savings statute' tolling the limitations period for opt-ins following decertification").

4

This is demonstrably false. The *Fulton* court dismissed their case because they failed to comply with the court's orders. The opt-in plaintiffs **must** demonstrate that some extraordinary circumstance prevented them from diligently pursuing their rights in the *Fulton* case in order to receive the benefits of equitable tolling. *Firstcom*, 555 F.3d at 675. Compliance with a court's order is a basic, essential part of the Federal Rules of Civil Procedure, not an extraordinary circumstance.

In essence, this Court should not allow Fair and the other opt-ins to thumb their nose at the *Fulton* court's Scheduling Order and then come to this Court seeking equity. Fair and the opt-ins have unclean hands. If the Court allows this to happen, it will encourage future opt-in plaintiffs to shirk their responsibility to keep apprised of the progress of the cases that they have affirmatively opted into and ignore the Court's deadlines because they will assume that there will be no consequences for letting their case languish in violation of the Court's orders. The doctrine of equitable tolling cannot be read to let opt-in plaintiffs avoid the Court's deadlines with impunity and reap the benefits of preserving their statute of limitations after doing so.

Finally, it is important to note that the current case is distinguishable from the authority cited to by Fair in her Motion. The cases she cites in support of equitable tolling all concern cases where a class was **actually certified**, then later **decertified** by the court. *See, e.g., Lochridge v. Lindsey Mgmt. Co., Inc.*, 2013 WL 12069066, at *1–2, 5 (W.D. Ark. Dec. 10, 2013); *Santiago v. Amdocs, Inc.*, 2013 WL 6039300, *1 (N.D. Cal. Oct. 10, 2013). In *Lochridge* and *Santiago*, the courts did not actually address their jurisdictions' equitable tolling tests, nor did they set forth any real analysis justifying their decisions to equitably toll the statute of limitations. *Lochridge*, 2013 WL 1260966, at *5; *Santiago*, 2013 WL 6039300, at *1. While Communications Unlimited does not

concede that these courts arrived at the correct conclusion on equitable tolling, the rationales behind their decisions are simply inapplicable to the present case.

Courts that have granted equitable tolling following class decertification have done so under the premise that plaintiffs who had opted in under the mistaken belief that they were similarly situated to the named plaintiff should be afforded additional time to pursue their own claims after a court rules that they are not similarly situated to the named plaintiff. *Id.*; *see also Merriweather v. Southwest Research Institute*, 2010 WL 5139862, at *1–2 (S.D. Ind. Dec. 10, 2010) (finding a material difference exists between equitable tolling cases that followed class certification versus cases where no class was initially certified).

The potential for confusion following class certification simply does not exist here. The *Fulton* opt-in plaintiffs were notified of a potential class claim under the FLSA and affirmatively gave their consent to be represented by the named plaintiff's counsel. Fair and the opt-ins failed to exercise a modicum of diligence in pursuing their claims in *Fulton*, which led to the dismissal of their claims for lack of prosecution. The case was dismissed prior to class certification, and the opt-ins cannot claim to have suffered any confusion relating to the certification and/or decertification of a class. Nothing stood in Fair's or other opt-in plaintiffs' way that stopped them from exercising their diligence during the pendency of the *Fulton* case, nor is anything preventing them from opting in to Fair's current case or bringing their own claims subject to the FLSA's normal statute of limitations.

For these reasons, Fair's Motion should be denied.

> **II. Even if Fair can establish that she <u>personally</u> has displayed the requisite diligence to receive the benefits of equitable tolling, she has not established that any other *Fulton* opt-in plaintiffs are entitled to equitable tolling.**

Fair appears to argue that she is entitled to equitable tolling because, following the dismissal of the *Fulton* case for the plaintiffs' (including Fair's and the other opt-ins') failure to prosecute, she retained counsel and filed the current claim shortly after *Fulton*'s dismissal. (Pl.'s Mot. at 1–2). Fair cannot establish either of the elements necessary to receive equitable tolling for the opt-ins in the current case either. While Fair relies on the assertion that the *Fulton* opt-in plaintiffs "diligently pursued their rights by timely filing consent forms in **that** action," (*id*. at 3) (emphasis added), that statement bears no relevance to the former opt-in plaintiffs' diligence in pursuing their rights in the **present** case. As discussed above, Fair and the other opt-ins demonstrably failed to exercise any diligence in pursuing their rights in *Fulton*. But, even assuming *arguendo* that merely filing opt-ins in *Fulton* fulfilled their diligence requirements, Fair cannot now point to the actions of the previous opt-in plaintiffs in the prior case as evidence of diligence in the current case. The fact is that the *Fulton* opt-ins have neither opted in to Fair's action nor retained their own counsel and filed an FLSA action in their own name(s) since *Fulton*'s dismissal more than five months ago. This falls far short of the required diligence that would justify equitably tolling the statute of limitations in this case.

Further, Fair has not established that any "extraordinary circumstance" stood in her or the other opt-in plaintiffs' way that prevented them from filing opt-ins in the current case, or filing their own FLSA suit with assistance of counsel. Fair asserts that "no act or omission on the part of [the] *Fulton* opt-in plaintiffs resulted in the dismissal

of their claims [in *Fulton*]." (*Id.*). This is both false, as discussed in Section I, and wholly irrelevant to whether equitable tolling is appropriate in the present case. The opt-in plaintiffs must demonstrate that some extraordinary circumstance prevented them from diligently pursuing their rights following the dismissal of *Fulton*. *Firstcom*, 555 F.3d at 675.

Fair's own diligence in retaining counsel and filing the present action mere days after *Fulton*'s dismissal actually proves that **no** extraordinary circumstance existed which would prevent the other opt-in plaintiffs from doing the same. *See Greenstein v. Meredith Corp.*, 2013 WL 4028732, at *2 (D. Kan. Aug. 7, 2013) (denying motion for equitable tolling where "th[e] potential opt-in plaintiffs have had the same notice of their rights and obligations available to them as did the named plaintiff in th[e] case"). The other *Fulton* opt-ins' failure to file their own actions or opt-in to the present case is simply a result of their simple failure to exercise diligence, not due to some unnamed "extraordinary circumstance." The other opt-ins were in the same position as Fair following *Fulton*'s dismissal—Fair chose to seek legal counsel and continue to pursue her claims, while the other opt-ins have chosen not to.

For these reasons, Fair's Motion to Toll the FLSA Statute of Limitations should be denied.

## CONCLUSION

WHEREFORE, Defendants C.U. Employment, Inc., Communication Unlimited Contracting Services, Inc., and Martin C. Rocha request that Plaintiff Tacita Fair's Motion to Toll FLSA Statute of Limitations, and for any other relief the Court deem just under the circumstances.

BROWN & JAMES, P.C.

/s/ Steven H. Schwartz
Steven H. Schwartz,　#36436MO
sschwartz@bjpc.com
James M. Bertucci,　#67263MO
jbertucci@bjpc.com
800 Market Street, 11th floor
St. Louis, Missouri 63101
314.421.3400
Fax: 314.421.3128

**Attorneys for Defendants C.U. Employment, Inc., Communications Unlimited Contracting Services, Inc., and Martin C. Rocha**

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2018, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Kevin J. Dolley
Michael G. Mueth
Law Offices of Kevin J. Dolley, LLC
2726 S. Brentwood Blvd.
St. Louis, Missouri 63144
kevin@dolleylaw.com
Michael.mueth@dolleylaw.com
Attorneys for Plaintiff

/s/ Steven H. Schwartz