UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TACITA FAIR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:17 CV 2391 RWS |
| COMMUNICATIONS UNLIMITED, INC, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Fair moves for conditional certification of Fair Labor Standards Act (FLSA) Collective Action, [No. 2]. Fair also moves for equitable tolling for potential opt-in individuals from the date their claims were dismissed in <u>Fulton v. Communications Unlimited et al.</u>, No. 4:16-CV-00313-RWS (E.D. Mo.), until they file their consent forms in this action. [No. 36]. Because Fair and opt-in individuals have diligently pursued their claims, and exceptional circumstances have prevented them from filing notices of consent in this action, I will grant Fair's motion for equitable tolling. I will also order limited discovery as is necessary to determine the appropriate scope of collective action certification.

### BACKGROUND

Marcus Fulton filed an FLSA collective action case against Defendants on March 8, 2016. After participating in alternative dispute resolution, Fulton failed to

comply with court orders, failed to timely file a class certification brief, and failed to respond to Defendants motion to dismiss his class action claims. Because Fulton failed to prosecute his case, on August 29, 2017, I dismissed the claims of individuals who signed notices of consent to join his action. Thirteen days later, Plaintiff Tacita Fair filed this action for FLSA overtime compensation. [No. 1] Within three days of filing her complaint, Fair filed a motion to certify a collective action class of cable installers, [No. 2], and a motion for relief by tolling of the FLSA statute of limitations. [No. 6]. On October 11, I ordered that Defendants' responses to these motions would not be due until a briefing schedule was established at a forthcoming Rule 16 conference. The last outstanding Defendant answered the complaint on January 3, 2018, and I held a Rule 16 conference on January 19, 2018. Fair's motions for class certification and equitable tolling are now fully briefed.

In her amended motion for equitable tolling, Fair requests that the claims of individuals that filed notices of consent in Fulton be equitably tolled until such time as they file notices of consent in this action. She argues that, because they were not parties to the original action, these individuals have not had notice of the dismissal of their claims in Fulton, nor of their opportunity to opt-in to her suit. Defendants argue that Fair has not met her burden to show that these individuals

have diligently pursued their claims or that exceptional circumstances exist to justify equitable tolling.

## LEGAL STANDARD

Equitable tolling is a "limited and infrequent form of relief" that is available if a party establishes "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way." Smithrud v. City of St. Paul, 746 F.3d 391, 396 (8th Cir. 2014) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, (2005). The party requesting this relief bears the burden of demonstrating that she satisfies this test. Motley v. United States, 295 F.3d 820, 824 (8th Cir. 2002). While equitable tolling is not available for all statutes, "a nonjurisdictional federal statute of limitations is normally subject to a 'rebuttable presumption' in favor 'of equitable tolling.'" Holland v. Florida, 560 U.S. 631, 645–46, (2010). Every Circuit that has ruled on the issue has determined that the FLSA statute of limitations period is not jurisdictional. See United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1635, n.8 (2015) ("[E]very Court of Appeals to have considered the issue has found that § 6 of the Portal–to–Portal Act, which contains the same "shall be forever barred" phrase, permits hearing late claims.").

## ANALYSIS

In FLSA actions, courts apply statutory tolling from the date individuals file notices of consent to the dismissal of opt-in plaintiffs. See, e.g., Symczyk v.

3

Genesis HealthCare Corp., 656 F.3d 189, 200 (3d Cir. 2011), rev'd on other grounds, 569 U.S. 66 (2013). United States District Courts have also equitably tolled the statute of limitations beyond the dismissal of opt-in plaintiffs, as justice requires. See, e.g., Chapman v. Fred's Stores of Tennessee, Inc., No. 2:08-CV-01247-HGD, 2013 WL 1767791, at *12-13 (N.D. Ala. Mar. 15, 2013), report and recommendation adopted, No. 2:08-CV-01247-HGD, 2013 WL 1760000 (N.D. Ala. Apr. 22, 2013) (summarizing cases). Tolling in this manner has been invoked sparingly by federal courts, when the plaintiff has otherwise actively pursued her remedies. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, (1990).

In this case, Fair argues that she and opt-in individuals diligently pursued their claims on the basis of her prompt filings in this case. Fair also argues that Fulton's failure to prosecute his claim—and the subsequent lack of notice provided to non-party opt-in individuals—present exceptional circumstances that warrant equitable tolling. Defendants argue that Fair and opt-in individuals have not demonstrated diligence or exceptional circumstances sufficient to warrant equitable tolling. Defendants emphasize that Fair opted-in to Fulton's collective action, and that the chosen representative failed to prosecute his case. Defendants also argue that other potential class members could have filed opt-ins right away in this case, but did not do so.

After carefully considering both arguments, I agree with Fair. As Fair notes, FLSA collective action cases may present unique circumstances where equitable tolling is appropriate for the claims of opt-in plaintiffs. See, e.g., Chapman, 2013 WL 1767791, at *13 (N.D. Al. Mar. 15, 2013). Because opt-in individuals are not parties to FLSA collective action suits until the class is certified, they might not receive constructive notice of a dismissal and a need to refile their claim. See Hughes v. Region VII Area Agency on Aging, 542 F.3d 169, 187-188 (6th Cir.2008) (listing "constructive knowledge of the filing requirement," as one of five factors used to determine whether equitable tolling should apply). In this case, the opt-in individuals claims were dismissed in the prior case not through any lack of diligence on their part. Instead, the named plaintiff, who is not a party to this case, failed to prosecute his case in a timely manner. These opt-in individuals were afforded no court-ordered notice that the claim was dismissed because they were not parties to the litigation.

Further, in the current action, Fair has not had access to opt-in individuals' contact information to inform them of her suit. Some United States District Courts have tolled opt-in individuals' claims when defendants have delayed providing contact information. See, e.g., Ali v. Cty. of Los Angeles, No. CV087627CASFFMX, 2009 WL 10672603, at *5 (C.D. Cal. Apr. 9, 2009) ("The Court concludes that equitable tolling is appropriate in this case because defendant

has delayed in providing the contact information of potential plaintiffs."); Adams v. Inter-Con Sec. Sys., 242 F.R.D. 530, 542-43 (N.D. Cal. 2007). See also Curless v. Great Am. Real Food Fast, Inc., 280 F.R.D. 429, 435 (S.D. Ill. 2012) ("Although some district courts have found the defendant's failure to provide the notice itself an exceptional circumstance, this Court does not agree. . . . The Court does, however, believe the inconsistency and confusion in the law on this subject rises to the level of an exceptional circumstance."). In this case, Defendants have delayed Fair's access to opt-in contact information by filing a motion to stay proceedings, [No. 10], and allegedly by avoiding service. Because the potential opt-in individuals have already opted-in to a previous suit, I find that these delays constitute an exceptional circumstance in the context of this suit.

As a result, I will toll the claims of individuals who opted-in to Fulton's suit from the date their claims were dismissed in Fulton to the time when Defendants provide their contact information to Fair.

Accordingly,

**IT IS HEREBY ORDERED** that Fair's original motion to equitably toll the claims of opt-in individuals, [No. 6], is **GRANTED**.

**IT IS FURTHER ORDERED** that Fair's amended motion to equitably toll the claims of opt-in individuals, [No. 36], is **GRANTED** in part and **DENIED** in part. The claims of opt-in individuals who opted-in to Fulton will be equitably

tolled until such time as Defendants provide those individuals' contact information to Fair.

**IT IS FURTHER ORDERED** that Defendants shall provide to Fair in a readable electronic format the full names, phone numbers, email addresses, and dates of service for their "Technicians," as defined in Fair's complaint, [No. 1], no later than **Thursday, March 8, 2018**.

**IT IS FURTHER ORDERED** that Fair may submit affidavits and a supplemental memorandum in support of her motion to certify her collective action class, [No. 2], no later than **Thursday, March 22, 2018**. Defendants may file a supplemental memorandum in opposition to Fair's motion to certify, [No. 2], no later than **Thursday, March 29, 2018**.

**IT IS FURTHER ORDERED** that Defendants' motion to stay proceedings, [No. 10], and motions for extension of time to file an answer, [Nos. 17 and 23], are **DENIED** as moot.

**IT IS FURTHER ORDERED** that a motion hearing will be held on Fair's motion to certify, [No. 2], on **Thursday, April 5, 2018, at 11:00 am** in Courtroom 16-South.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd of February, 2018.