UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TACITA FAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 2391 RWS |
| | ) | |
| COMMUNICATIONS UNLIMITED, | ) | |
| INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff Tacita Fair moves to compel production of the names, dates of service, and contact information of Technicians that Defendants employed as independent contractors. [No. 46]. Three of four Defendants—C.U. Employment, Inc., Communications Unlimited Contracting Services, Inc., and Martin Rocha— take the position that they do not employ any independent contractors. Rather, they argue that any independent contractors are employed by subcontractors. They further argue that Fair's request for information on non-party subcontractors' employees is not relevant or proportional to the needs of her case. Defendant Communications Unlimited Alabama (CUA) has not responded to the motion to compel, but it has provided limited contact information for 107 persons employed as 1099 independent contractors. Because Fair's effort to obtain contact information for Defendants'—and their subcontractors'—1099 independent

contractors is relevant and proportional to the needs of her claims, I will grant her motion to compel.

## BACKGROUND

Fair alleges that the Defendants improperly classified her, and a purported class of other "Technicians," as independent contractors. She claims that Defendants therefore failed to pay her and the other Technicians for overtime hours, in violation of the Fair Labor Standards ACT (FLSA), 29 U.S.C. § 201 et seq, and the Missouri Minimum Wage Law (MMWL) § 290 RSMo. et seq. Within days of filing her complaint, Fair moved to conditionally certify a class of Technicians. Fair defined "Technicians" in her complaint as cable installers employed by Defendants "to install digital cable, telephone, and high-speed data services . . . on behalf of cable companies and high-speed data service providers." [No. 1]. I equitably tolled the claims of these potential opt-in Technicians until such time as Defendants provide those individuals' contact information to Fair. [No. 43]. I also ordered Defendants to provide to Fair the "full names, phone numbers, email addresses, and dates of service" for their Technicians. [Id.]. Finally, I ordered the parties to submit supplemental briefs on the issue of class certification, once Defendants had provided that contact information.

Fair now argues that Defendants are withholding the same contact information. She moves to compel production of the contact information for any

and all of the remaining Technicians employed by Defendants. Only Defendant CUA has provided Fair with any names or contact information. On March 8, 2018, CUA sent a letter with a list of 107 individuals and sixteen (16) corporations that received 1099s for work performed between September 11, 2014 and September 11, 2017. [No. 51-2]. The list does not include any email addresses or dates of service for the 1099 recipients. The list provides phone numbers for only seven (7) individuals on the list. [Id.]. Fair argues that Defendants should have email addresses for the other listed Technicians. In a prior case, the same Defendants produced emails from CUA's owner to its Technicians. See Lonnie Spells v. Communications Unlimited, Inc., et al., No. 4:15-CV-00747-ERW; [No. 51-5]. Fair also argues that these Defendants collected the Technicians' contact information through paperwork at the beginning of their employment. [No. 1 at Par. 38].

All Defendants except CUA respond that they employ no 1099 independent contractors and possess no information regarding any Technicians as defined in the complaint. [No. 57 at 2]. These Defendants argue that Fair is seeking information on persons employed by their subcontractors. Defendants object that disclosure of such information is not "relevant to [Fair's] claim . . . and proportional to the needs of the case," as required by Federal Rule of Civil Procedure 26(b)(1).

[No. 57 at 6]. According to these Defendants, Fair did not make any claims or allegations concerning the employees of any subcontractors. [No. 57 at 5].

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." When evaluating these criteria, courts should consider such factors as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. As applied by federal courts, Rule 26(b) is "liberal in scope and interpretation." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). The party seeking discovery, however, must still make "[s]ome threshold showing of relevance." Id.

## ANALYSIS

To resolve this dispute, I must determine whether the names and contact information of subcontractors' employees are relevant and proportional to the needs of Fair's case. Fed. R. Civ. P. 26(b)(1). With respect to relevance, Fair's case concerns whether individuals who installed cable on behalf of Defendants should have been classified as W-2 employees, instead of 1099 independent contractors.

"The test of employment under the FLSA is one of economic reality." Karlson v. Action Process Serv. & Private Investigations, LLC, 860 F.3d 1089, 1092 (8th Cir. 2017) (quoting Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 301, (1985)). In determining economic reality, courts often consider "degrees of control, opportunities for profit or loss, investment in facilities, permanency of relation and skill required in the claimed independent operation." Id.

Fair alleges that Defendants employ Technicians within the meaning of the FLSA, including by installing tracking applications on employees' smartphones. [No. 1 at 7-11]. Fair does not explicitly mention the word "subcontractors" in her complaint. It is clear, however, that the complaint purports to cover all persons that installed cable on behalf of Defendants, regardless of their specific contractual relationship. [Id. at 6-7]. To the extent that Defendants use subcontractors to perform cable installation for their clients, those subcontractors' 1099 employees would be included in plaintiff's definition of Technicians if their relationship to Defendants satisfies the "economic reality" test. Fair's request is therefore relevant to the needs of her case.

Fair's request is also proportional to the needs of her case, as judged by the factors listed in Rule 26(b)(1). These factors include the "importance of the issues," "relative access to relevant information," "the parties' resources," and "whether the burden or expense of the proposed discovery outweighs its likely

benefit." Id. With respect to the "importance of the issues" factor, Fair's access to the requested information is important to parties' arguments for class certification. I ordered Defendants to provide Technicians' contact information for this reason, allowing the parties to submit supplemental briefs on this issue. [No. 43]. With respect to the "access to information" factor, Fair provides evidence that Defendants have reasonable access to the information of at least some of their 1099 workers. Specifically, Fair provides emails between CUA and Technicians produced in other FLSA suits. [No. 51-5]. Fair also convincingly alleges that Defendants collected CUA Technicians' email addresses when they started their employment with CUA. [No. 1 at Par. 38]. Finally, with respect to the "burden or expense" factor, Defendants do not present evidence that collecting contact information for CUA's 1099 workers or any subcontractor's 1099 workers would be especially burdensome or expensive. See Fed. R. Civ. P. Rule 26(b)(1). As a result, I find that Fair's request is proportional to the needs of her case.

Accordingly,

**IT IS HEREBY ORDERED** that Fair's motion to compel, [No. 50], is **GRANTED**. Defendant CUA shall provide, **by June 14, 2018**, the phone numbers, email addresses, and dates of service for the Technicians identified in their March 8, 2018 letter to Fair and any other Technicians as defined in Fair's complaint. All Defendants shall likewise provide, **by June 14, 2018**, the names,

phone numbers, email addresses, and dates of service of 1099 independent contractors paid by subcontractors who installed cable on Defendants' behalf between September 11, 2014 and September 11, 2017.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2018.