

| | Kevin J. Dolley<br>Attorney at Law<br>Kevin@dolleylaw.com | LAW OFFICES OF KEVIN J. DOLLEY, LLC<br>2726 S. Brentwood Blvd.<br>St. Louis, MO 63144<br>Office:  314.645.4100<br>Fax:  314.736.6216<br>www.dolleylaw.com |

May 11, 2018

<div style="float:right; border:1px solid black; padding:20px;">Exhibit 7</div>

Comcast Corporation
Attn: CT Corporation
650 Centerton Rd.
Moorestown, NJ 08057
Facsimile:  866-947-5587

Re:   <u>Tacita Fair v. Communications Unlimited, Inc., et al</u>
       Case No: 4:17-CV-02391-RWS

To Whom It May Concern,

   Please find attached a Notice of Deposition and Subpoena to Produce Documents. There may be no need to appear for the deposition if notarized business records are provided before the deposition date. Please contact my office with any questions or concerns.

                                                                Sincerely,

                                                                */s/ Kevin Dolley*

                                                                Kevin J. Dolley

cc:   Steve Schwartz
      Frederick Ludwig

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TACITA FAIR, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNICATIONS UNLIMITED, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:17-CV-02391-RWS<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that on Monday, June 25, 2018, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff will take the records deposition of a corporate representative of Comcast Corporation at 2726 S. Brentwood, Blvd., St. Louis, MO 63144. This deposition will take place at 1:00 p.m. and continue from day to day until completed. This deposition will be taken by stenographic means before an officer authorized to administer oaths. This deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure and Evidence.

                                 Respectfully Submitted,

                By:      */s/ Kevin J. Dolley*
                         Kevin J. Dolley, USDC #54132MO
                         Michael G. Mueth, USDC #58995MO
                         LAW OFFICES OF KEVIN J. DOLLEY, LLC
                         2726 S. Brentwood Blvd.
                         St. Louis, MO 63144
                         (314) 645-4100 (office)
                         (314) 736-6216 (fax)
                         kevin@dolleylaw.com
                         michael.mueth@dolleylaw.com

                         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing was served via electronic mail on May 11, 2018 upon the counsel of record for Defendants.

                                           */s/ Kevin J. Dolley*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

Tacita Fair, individually and on behalf of those similarly situated,
*Plaintiff*
v.
Communications Unlimited, Inc., et al,
*Defendant*

Civil Action No. 4:17-CV-02391-RWS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Corporation
Registered Agent: CT Corporation, 650 Centerton Rd., Moorestown, NJ 08057 (Fax: 866-947-5587)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment

| Place: Law Offices of Kevin J. Dolley, LLC<br>2726 S. Brentwood Blvd., St. Louis, MO 63144 | Date and Time:<br>06/15/2018 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/11/2018

*CLERK OF COURT*

OR

_____         _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Tacita Fair
_____, who issues or requests this subpoena, are:

Kevin Dolley and Michael Mueth, 2726 S. Brentwood Blvd., St. Louis, MO 63144; (314) 645-4100; kevin@dolleylaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:17-CV-02391-RWS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT

Explanatory Section

Communications Unlimited, Inc. is a corporation organized under the laws of the State of Delaware. C.U. Employment, Inc. is a corporation organized under the laws of the State of Alabama and registered in the State of Missouri. Communications Unlimited Contracting Services, Inc. is a corporation organized under the State of Florida. Communications Unlimited Alabama, Inc. is a corporation organized under the laws of the State of Delaware.  These four corporations (hereinafter "CU Entities") use the trade name "Communications Unlimited" and perform digital cable, telephone, and high-speed data installation services for residential and business customers of multi-system operators (*i.e.* owners of multiple cable television systems).

This lawsuit alleges Martin C. Rocha ("Rocha") owns, operates, and/or controls the CU Entities.  Rocha and the CU Entities maintain places of business at the following locations:

4282 Shoreline Drive, Earth City, Missouri 63045;
P.O. Box 362007, Birmingham, Alabama 35236;
22 Inverness Center Parkway, Suite 310, Birmingham, Alabama 35242;
400 Emery Drive, Suite 200, Hoover, Alabama 35244.

Electronic cable installer/technician tracking applications are defined to include applications such as the "CSG Technet" application provided by CSG International, Inc. ("Applications").  Cable installers/technicians employed by contractors for multi-system operators, including the CU Entities, install the Applications, including the CSG Technet application, on their smartphones or other electronic devices.  Cable installers/technicians use the Applications to schedule, report, and provide information regarding installations and service calls to contractors and multi-system operators, including the CU Entities and Comcast Corporation.

Deposition Topics and Requests to Produce Documents and ESI

You are commanded to identify and/or produce the following documents, electronically stored information ("ESI"), or objects for the time period September 11, 2014 to present.

If we are able to obtain the requested documents and ESI, that may allow us to cancel the deposition and the need for testimony as to the below topics.

1. Identify and produce Comcast Corporation's (hereinafter "Comcast") contracts, agreements, and related addendums with CU Entities and/or Rocha to provide residential and commercial digital cable, telephone, and high-speed data installation and management services.

2. Identify Applications used by Comcast, including those used by CU Entities as contractors of Comcast.

3. With respect to the Application(s) used by CU Entities as contractors for Comcast:

   a) Identify and produce technician numbers and data associated with each technician number for cable installers/technicians who performed installation or management services on behalf of the CU Entities;

   b) Identify and produce contact information for cable installers/technicians who performed installation or management services on behalf of the CU Entities;

   c) Identify types of data generated from use of the Application(s);

   d) Identify and produce time stamp data created from technicians' use of the Application(s);

   e) Identify the Application(s)' ability to generate or produce user reports, and produce records or reports generated by the Applications related to cable installers/technicians who performed installation or management services on behalf of the CU Entities;

   f) Identify how the Application(s) generate, record, or create data and the form of data electronically generated, including where that data is stored, how it is stored, why it is stored in that manner, and what data is Excel/CSV exportable and/or PDF exportable;

   g) Identify how data is backed up and where such backup data is stored (*i.e.*, server location; server possession; type of server, and server search language);

   h) Identify the Application(s)' administrator functions;

   i) Identify technical support available for the Application(s).

4. Please conduct a preliminary search for emails Comcast sent to or received from the "@cuicable.com" domain between September 11, 2014 and September 11, 2017. Please identify the size of the data and the number of hits resulting from the preliminary search. Please provide a breakdown of the hits by custodian and the email address prefixes for identified emails (*i.e.*, "joeyhethcox" is the prefix in the email address "joeyhethcox@cuicable.com").