UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TACITA FAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 2391 RWS |
| | ) | |
| COMMUNICATIONS UNLIMITED, INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Defendants move to dismiss Plaintiff Tacita Fair's claims for overtime pay under the Fair Labor Standards Act (FLSA) and Missouri Minimum Wage Law (MMWL). After litigating this action and a prior action for two years, Defendant Communications Unlimited of Alabama (CUA) produced a document purporting to be an Arbitration Agreement signed by Fair. If enforced, the agreement would require Fair to arbitrate her FLSA and MMWL claims instead of filing an original action in federal court. The agreement contains a signature line for CUA but no signature. CUA does not otherwise present convincing evidence of its intent to form a contract. As a result, I will deny Defendants' motion to dismiss.

## BACKGROUND

On September 11, 2017, Plaintiff Tacita Fair filed this FLSA class action. I dismissed without prejudice a previous suit alleging the same facts against the

same defendants because the named plaintiff, Marcus Fulton, failed to prosecute his case. Because Fulton's failure to prosecute was no fault of Fair's or other opt-in persons, I tolled their claims until such time as Defendants provided the opt-in persons' information to Fair. On June 21, 2018, after engaging in discovery and motion practice for nine months in this matter, Defendants produced an arbitration agreement apparently signed by Fair. The agreement includes a signature line for an authorized representative of CUA, but no signature from such a representative.

Based on the agreement, CUA and co-defendants argue that Fair must arbitrate any claims for overtime pay before seeking relief in federal court. They seek to dismiss her claims on this basis or, in the alternative, they seek a stay while parties arbitrate. They filed separate motions to dismiss. [Nos. 78 and 86]. The Defendants who are not parties to the arbitration agreement (only CUA is) argue that they are direct, or in the alternative, intended third party beneficiaries of the agreement. [No. 86]. In response, Fair argues that no valid arbitration agreement exists, and that Defendants have waived their right to arbitrate by failing to raise this issue until now.

## **LEGAL STANDARD**

When one party claims that an arbitration agreement precludes an action, I must determine whether a valid arbitration agreement exists and whether it applies to the dispute at hand. MedCam, Inc. v. MCNC, 414 F.3d 972, 974 (8th Cir. 2005);

Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 71 (2010) ("If a party challenges the validity under § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4."). In conducting this analysis, I apply state law principles of contract interpretation. Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004).

**ANALYSIS**

Fair argues that the arbitration agreement produced by CUA is not valid because, among other reasons, CUA has not signed it. Fair also argues that CUA and other defendants have waived their right to arbitration by only raising the issue more than two years after the original claim was filed. In their reply brief, Defendants C.U. Employment, Inc., and Communications Unlimited, Inc., state that they asserted their right to arbitrate within three weeks of learning of the arbitration agreement from CUA. CUA, however, does not raise a counter-argument to Fair's waiver argument. None of the Defendants responds to Fair's claim that the agreement is invalid because CUA did not sign it.

Under Missouri law, any bilateral agreement, such as this arbitration agreement here, "must be accepted by both parties for a contract to be formed." Baier v. Darden Restaurants, 420 S.W.3d 733, 738 (Mo. Ct. App. 2014). Some evidence, usually a signature, must be provided to demonstrate that both parties intended to enter into the contract. See id. "[I]n the absence of a signature, the

3

party claiming that a contract was formed must present other evidence to establish" their assent. St. Louis Motorsports, LLC v. Gay, No. 4:17-CV-2694 PLC, 2018 WL 558427, at *3 (E.D. Mo. Jan. 25, 2018) (quoting Baier v. Darden Restaurants, 420 S.W.3d at 738). Furthermore, the presence of an unsigned signature line is evidence contrary to a finding of intent. Baier at 739. In this case, Defendants offer no evidence, other than the unsigned arbitration agreement itself, that CUA intended to enter into the arbitration agreement. As a result, no valid arbitration agreement exists to preclude Fair's complaint.

Even if CUA had produced evidence that it signed the agreement, Fair offers compelling evidence that it waived its right to arbitrate. The Eighth Circuit has held that a party may waive its right to arbitrate if it "(1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." Lewallen v. Green Tree Servicing, L.L.C., 487 F.3d 1085, 1090 (8th Cir. 2007). In evaluating inconsistent action, I may consider whether defendants "substantially invoked the litigation machinery prior to demanding arbitration." Garcia v. Wachovia Corp., 699 F.3d 1273, 1277 (11th Cir. 2012) (citation omitted). Similarly, in determining prejudice, I may consider "the length of delay in demanding arbitration and the expense incurred . . . from participating in the litigation process." Id.

CUA's actions meet all these requirements. First, to the extent that any right to arbitrate existed, it is clear that CUA knew of that right because it provided the arbitration agreement to Fair for her signature. It is also clear that CUA acted inconsistently with that right: it litigated this matter through two cases including fully briefing a motion to toll, [No. 6], and a motion to compel, [No. 50], in the most recent case. Third, it is clear that Fair has been prejudiced: the instant litigation has involved her time and resources for almost a year, and CUA's actions have no doubt influenced how she decides to pursue her claims. For all of these reasons, to the extent that any right to arbitration existed, CUA has waived that right for itself. Because CUA is the only defendant that is a party to the contract, CUA has also waived any right to arbitrate that the other Defendants possessed.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants motions to dismiss [Nos. 78 and 86] are hereby **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2018.