UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TACITA FAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:17 CV 2391 RWS |
| | ) |
| COMMUNICATIONS UNLIMITED INC, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM and ORDER**

Plaintiff Fair moves for conditional certification of this Fair Labor Standards Act (FLSA) Collective Action. [No. 2]. Fair argues that persons ("Technicians") who installed cable on behalf of Defendants Communications Unlimited Inc., (CUI) and Communications Unlimited Alabama (CUA), were "the victims of a single decision, policy, or plan," because they were misclassified as independent contractors. See Davis v. Novastar Mortgage, Inc., 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005). Fair makes a sufficient factual showing that Technicians who worked on behalf of CUA were similarly situated. As a result, I will grant Fair's motion for conditional certification of these Technicians. I will also allow Fair to submit declarations concerning whether persons who worked for other CUI subcontractors were the victims of a single decision, policy, or plan.

## BACKGROUND

On September 11, 2017, Plaintiff Tacita Fair filed this action for FLSA overtime compensation. [No. 1]. Fair argues that she and similarly situated Technicians were misclassified by CUA and CUI as independent contractors. Fair and the other Technicians allegedly received no overtime compensation despite working more than forty hours per week. [Nos. 67-1, 67-2, 67-3, 67-4, and 67-5]. Within three days of filing her complaint, Fair filed a motion to certify a collective action, [No. 2], and a motion for relief by tolling of the FLSA statute of limitations, [No. 6]. After granting Fair's motion for relief by tolling, [No. 43], I allowed parties to submit supplemental briefs on her motion for conditional certification.

Defendant CUA argues that Fair's arguments for conditional certification are not based on personal knowledge of CUAs employment practices. Defendant CUI argues that Fair does not provide evidence to support inclusion of persons who work for CUI's subcontractors other than CUA. With her supplemental brief, Fair submitted declarations from five former CUA Technicians who state that they worked for CUA in seven states. [Nos. 67-1, 67-2, 67-3, 67-4, and 67-5]. Fair did not submit any declarations from CUI's other subcontractors with her supplemental brief. CUI had refused to provide those non-party subcontractor's technicians' information. I granted Fair's motion to compel that information on the day before Fair submitted her supplemental briefing on this motion. [No. 65].

## LEGAL STANDARD

Under the FLSA, plaintiffs may sue for failure to pay overtime and other violations of the statute on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Similarly situated" is not defined by the statute. The Eighth Circuit has held that plaintiffs may be similarly situated if "they suffer from a single, FLSA-violating policy . . . ." Bouaphakeo v. Tyson Foods, Inc., 765 F.3d 791, 796 (8th Cir. 2014), aff'd and remanded, 136 S. Ct. 1036 (2016) (quoting O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 585 (6th Cir.2009)). When making this determination, I may consider "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." Id. (quoting Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1103 (10th Cir.2001)).

## ANALYSIS

When applying the FLSA to a potential group of plaintiffs, district courts in this circuit apply a two-step analysis. Getchman v. Pyramid Consulting, Inc., No. 4:16 CV 1208 CDP, 2017 WL 713034, at *4 (E.D. Mo. Feb. 23, 2017) (collecting cases). In the first step, the plaintiff moves for conditional certification "for notice purposes at an early stage of the litigation." Id. In the second step, the court determines, after the close of discovery, whether the plaintiffs are actually

similarly situated. Id. The plaintiffs' burden for the first step "is not onerous." Id. (citing Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007)). Plaintiffs need only provide "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Id. (quoting Davis v. Novastar Mortgage, Inc., 408 F. Supp. 2d 811). Granted, plaintiffs cannot meet this burden by providing "[u]nsupported assertions that FLSA violations were widespread," Haynes v. Singer, Co., 696 F.2d 884, 887 (11th Cir.1983), or assertions "not based on personal knowledge." Settles v. Gen. Elec., No. 12-00602-CV-W-BP, 2013 WL 12143084, at *2 (W.D. Mo. Feb. 19, 2013).

Fair's assertions are supported by personal knowledge and provide "substantial allegations" that Technicians at all of CUA's locations were the victims of a single policy. Fair submitted five declarations that CUAs Technicians were classified as independent contractors despite several indicators that they were subject to CUA and CUI's control. In each of these declarations, the Technicians stated that they were issued 1099's for independent contractors, assigned two-hour time frames in which to complete work, required to maintain and report metrics to CUA, required to wear "Communications Unlimited" uniform shirts and carry an identification badge, provided with equipment, and denied overtime pay despite working more than forty hours per week. [Nos. 67-1, 67-2, 67-3, 67-4, and 67-5].

4

The declarants also state that they observed other Technicians at these offices classified as 1099 independent contractors. The Technicians who provided these declarations worked in seven of ten states where CUA allegedly provides cable installation services (Alabama, Virginia, Florida, Georgia, Missouri, Indiana, North Carolina), as well as the District of Columbia. Together with the complaint, these declarations provide "substantial allegations" that CUA had a "single decision, policy, or plan," to classify Technicians at all of its offices as independent contractors. As a result, I will grant Fair's motion for conditional certification of all Technicians who installed cable for CUA.

Fair does not provide declarations for Technicians employed by any of CUI's subcontractors other than CUA. At the time of briefing this motion, Fair did not have access to those other Technicians' contact information. On May 16, 2018, I ordered Defendants to provide "the names, phone numbers, email addresses, and dates of service of 1099 independent contractors paid by subcontractors who installed cable on Defendants' behalf between September 11, 2014 and September 11, 2017." [No. 65]. As a result, Fair has not met her burden to warrant conditional certification of Technicians who installed cable on behalf of CUI's subcontractors other than CUA. Fair may, however, submit additional declarations from Technicians working for those other subcontractors by Friday, October 12, 2018.

Accordingly,

**IT IS HEREBY ORDERED** that Fair's motion to conditionally certify this FLSA collective action, [No. 2], is **GRANTED** in part. The class of Technicians who installed cable on behalf of Communications Unlimited Alabama is conditionally certified.

**IT IS FURTHER ORDERED** that Fair's proposed notice and consent forms are **APPROVED** for distribution to potential opt-in plaintiffs.

**IT IS FURTHER ORDERED** that Defendants must produce to Fair, in a readable electronic data file, the names, dates of service, last known mailing addresses, email addresses and telephone numbers of CUA Technicians within fourteen (14) days of this order.

**IT IS FURTHER ORDERED** that Fair may submit additional declarations from Technicians working for other subcontractors no later than Friday, October 12, 2018.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2018.