UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TACITA FAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17 CV 2391 RWS |
| | ) |
| COMMUNICATIONS UNLIMITED INC, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Tacita Fair moves to compel Defendants to produce contact information for their subcontractors' Technicians paid as 1099 independent contractors, as defined in her complaint. On May 16, 2018, I directed Defendants to "provide, by June 14, 2018, the names, phone numbers, email addresses, and dates of service of 1099 independent contractors paid by subcontractors who installed cable on Defendants' behalf between September 11, 2014 and September 11, 2017." [No. 65]. Defendants now argue that they have subcontractors who employ cable installers, but they have no records of which of those Technicians were paid as independent contractors. On this basis, Defendants' argue that they do not have "control" of 1099 independent contractor Technicians' contact information and therefore need not provide it to Fair under Rule 26. I disagree.

Defendants have possession and control of subcontractors' Technicians contact information. As a result, I will grant Fair's motion to compel.

## BACKGROUND

Fair filed this Fair Labor Standards Act (FLSA) collective action case on September 11, 2017. Because of multiple discovery disputes, [Nos. 50, 91, 114], aspects of Fair's original motion for class certification are still pending. On May 16, 2018, I granted Fair's motion to compel contact information for Defendants' and their subcontractors' 1099 Technicians paid as 1099 independent contractors. [No. 65]. I concluded that Fair's requests were relevant and proportional to the needs of her claims.

Instead of providing this information, the Defendants provided an unsworn declaration from the President of C.U. Employment, Inc., and Communications Unlimited Contracting Services, Inc. (CUCS), Joey Miller. Miller declares that C.U. Employment "does have subcontractors that employ cable installers but [it] has no knowledge regarding how those subcontractors classify or pay their employees or independent contractors." [No. 117-1]. For that reason, Defendants refuse to provide any of those subcontractors' Technicians' contact information. Defendants have also refused to request that information from their subcontractors, and they have refused to name their subcontractors so that Fair can request that information herself.

Fair now moves a second time to compel those subcontractors' Technicians' information. [No. 114]. Fair also moves for an extension of time to file declarations in support of class certification.[1] [No. 116].

## LEGAL STANDARD

When responding to discovery requests, parties should produce any nonprivileged, responsive materials that are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When a party is seeking conditional certification pursuant to the FLSA, relevance may be based on "the issues surrounding . . . collective action certification." Helmert v. Butterball, LLC, No. 4:08CV00342JLH, 2008 WL 5272959, at *2 (E.D. Ark. Dec. 15, 2008). As applied by federal courts, Rule 26(b) is "liberal in scope and interpretation." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). The party seeking discovery, however, must still make "[s]ome threshold showing of relevance." Id. Furthermore, the responsive party need only produce materials in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

---

[1] On September 13, 2018, I granted Fair's motion to conditionally certify a class of Technicians' paid by Defendant Communications Unlimited Alabama, Inc. (CUA). Fair had submitted declarations from five former CUA Technicians who state that they worked for CUA in seven states. [Nos. 67-1, 67-2, 67-3, 67-4, and 67-5]. Fair did not submit any declarations from Defendants' other subcontractors' Technicians. Defendants' had refused to provide their contact information. As a result, I allowed Fair to submit additional declarations from Technicians working for Defendants' other subcontractors no later than Friday, October 12, 2018.

## ANALYSIS

On May 16, 2018, I determined that Fair's request for subcontractors' Technicians' contact information was relevant and proportional to the needs of her case. [No. 65]. I will not revisit that order, and Defendants have provided no cause why I should. The only remaining argument concerns whether Defendants have "possession, custody, or control," of the requested information. In their filings, the Defendants do not dispute that they have "possession, custody, or control," over the contact information itself for these Technicians. Instead, they claim they have no materials or information demonstrating how subcontractors paid their Technicians, either as employees or 1099 independent contractors.

Defendants have placed an artificial barrier to discovery. Instead of providing information within their control, they have failed to even name their subcontractors so that Fair can request that information herself. See Fed. R. Civ. P. 26(a)(1)(A)(i) ("a party must provide . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . ."). The Defendants do not dispute that they have control over the names of their subcontractors and those subcontractors' Technicians' contact information. By refusing to provide this responsive information, they have violated my May 16, 2018, order.

Accordingly,

4

**IT IS HEREBY ORDERED** that Fair's second motion to compel, [No. 114], is **GRANTED**. Defendants must provide, by **November 26, 2018,** the names, phone numbers, email addresses, and dates of service of 1099 independent contractors paid by subcontractors who installed cable on Defendants' behalf between September 11, 2014 and September 11, 2017. **Defendants' failure to comply with this court order may subject them to sanctions.** If the Defendants choose not to identify which Technicians are paid as 1099 independent contractors, they must produce contact information for all of their subcontractors' Technicians, regardless of how they are paid.

**IT IS FURTHER ORDERED** that Fair's motion for an extension of time to file additional declarations, [No. 116], is **GRANTED**. Fair may submit additional declarations from Technicians working for Defendants subcontractors no later than **January 31, 2019.**

**IT IS FURTHER ORDERED** that Defendants' motion for a hearing, [No. 118], is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of November, 2018.