UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TACITA FAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:17-cv-02391 |
| | ) |
| COMMUNICATIONS UNLIMITED, | ) |
| INC., et al. | ) |
| | ) |
| Defendant. | ) |

**DEFENDANTS C.U. EMPLOYMENT, INC., COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC., AND MARTIN C. ROCHA'S SECOND SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

Defendants C.U. Employment, Inc., Communications Unlimited Contracting Services, Inc. (collectively "CUI"), and Martin C. Rocha, for their Second Supplemental Memorandum in Opposition to Plaintiff Tacita Fair ("Fair")'s Second Supplemental Memorandum in Support of Conditional Certification, state as follows:

### INTRODUCTION

Previously, in its September 13, 2018 Order, the Court determined that there was sufficient factual assertions supported by personal knowledge demonstrating that the cable installer technicians that worked for a CUI subcontractor, Defendant Communications Unlimited Alabama, Inc. ("CUA"), were similarly situated with respect to whether they were subject to the same pay policy or plan for purposes of determining Plaintiff's claim that such

technicians were misclassified as independent contractors. (Doc. 113). As such, the Court granted conditional certification of a collective action for all technicians who installed cable while working for CUA. (Doc. 113, pg. 5).

In that same Order, however, the Court found that Plaintiff had not met her burden of showing that technicians who installed cable for CUI subcontractors other than CUA were subject to the same pay policy or plan. (Doc. 113, pg. 5). The Court noted that Plaintiff had not provided affidavits from any technician employed by any CUI subcontractor other than CUA, and as such, the pay policy or plans implemented by other subcontractors was unknown. (*Id.*) However, the Court gave Plaintiff additional time to gather such information, if she was able to, and submit it to the Court for further consideration as to whether a nationwide class of all technicians who worked for any CUI subcontractor should be included in this collective action. (*Id.*)

Plaintiff has now submitted additional affidavits in support of blanket conditional certification for all technicians. However, despite having nearly ten months to gather additional information supporting her certification request, Plaintiff has failed to meet her burden. The majority of the new affidavits submitted are from CUA technicians. Technicians that worked for CUA have already been conditionally certified as part of the collective action, and as such, these affidavits provide no new or necessary information. Of the remaining affidavits, Plaintiff provides assertions from ten technicians which are vague, conflicting, and are wholly insufficient to establish any common pay policy or plan that applied to all technicians that worked for all subcontractors of CUI. Because plaintiff has

failed to present evidence of a common pay policy or plan that applied to all technicians of all subcontractors of CUI, Plaintiff has not met her burden to conditionally certify a collective action that includes all technicians who worked for any other CUI subcontractor. The only similarly situated class members are CUA technicians. Plaintiff's continued attempt to certify a collective action consisting of technicians employed by any subcontractor outside of CUA must continue to be denied.

Plaintiff has not met her burden to conditionally certify a collective action that includes all technicians who worked for any other CUI subcontractor. The only similarly situated class members are CUA technicians. Plaintiff's continued attempt to certify a collective action consisting of technicians employed by any subcontractor outside of CUA must continue to be denied.

## ARGUMENT

I. **Plaintiff still fails to carry her burden for conditional certification of the proposed collective action because neither she nor the new declarants have come forth with any new, non-conclusory assertions based in personal knowledge suggesting that all of CUI's subcontractors' technicians were all subject to a single decision, policy, or plan with respect to how they were paid.**

Courts in this district have recognized that "while the burden on the plaintiff is relatively low at this initial stage, it is not invisible." *Wacker v. Personal Touch Home Care, Inc.*, 2008 WL 4838146, at *2 (E.D. Mo. Nov. 6, 2008) (Perry, J.). "Unsupported assertions or those not based on personal knowledge will not show that [plaintiffs] are similarly situated for conditional certification [under the FLSA]." *Settles v. General Electric*, 2013 WL 12143084, at *2 (W.D. Mo. Feb. 19, 2013). *See also Wacker*, 2008 WL 4838146 at *2 (denying

3

conditional class certification where plaintiffs failed to provide any competent evidence of a company-wide policy); *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004) ("[T]he initial *ad hoc* FLSA class certification standard does require plaintiff to provide more than his own speculative allegations, standing alone.").

Plaintiff seeks to establish a collective group of all 1099 independent contractors employed by all CUI subcontractors. Therefore, plaintiff must establish a common pay policy or plan that CUI implemented and required all of its subcontractors to follow. Plaintiff has presented zero evidence of any such pay policy or plan.

> A. **The majority of the new assertions presented in support of blanket conditional certification come from technicians employed by CUA who are already included in the conditionally certified collective action.**

At the outset, it should again be noted that Plaintiff's Complaint makes allegations that only relate specifically to CUA. (Doc. 1, ¶¶ 17–18, 22–24). While Plaintiff has continued to try to group CUI and CUA into one entity, it remains that CUI subcontracted with CUA and others to perform installation work. All allegations in the Complaint, including that Plaintiff and others were misclassified as 1099 independent contractors, were directed at CUA, the entity that paid Plaintiff, as CUI has no 1099 independent contractors itself. Plaintiff has since provided evidence that she and the other technicians initially identified were all paid as 1099 independent contractors by CUA, not CUI. (Doc. 51-2, CUA's list of 1099 workers from 09/11/14 to 09/11/17; Doc. 74-1, CUI's Counsel's letter dated March 8, 2018; Doc. 74-2, Affidavit of Joseph Miller ¶ 4). The Complaint makes no allegation as to how employees of any other CUI subcontractor were paid.

4

The Court's September 13, 2018 Order makes clear it understands that, despite Plaintiff's best attempts to conflate named Defendants and other unnamed business entities as a single entity for purposes of this claim, CUI contracted with a variety of subcontractors over the years, including CUA, to perform cable installation work. (Doc. 113). Plaintiff worked for CUA herself, and the affidavits initially provided were from other CUA technicians. As such, the only pay policy of which Plaintiff has been able to provide any information based on personal knowledge is for technicians who worked for CUA. These affidavits offer no evidence, based on personal knowledge, of what pay policy, if any, was implemented by any other CUI subcontractor.

The new affidavits provided do nothing to change this. To certify a collective action, Plaintiff ultimately has the burden to demonstrate, with substantial factual allegations, that a putative class of similarly situated individuals exists, and Plaintiff cannot meet her burden with "[u]nsupported assertions or those not based on personal knowledge." *Settles*, 2013 WL 12143084, at *2. While Plaintiff now purports to have 21 additional declarations, out of the 10,770 potential technician contacts provided to Plaintiff, eleven of those are simply additional affidavits from technicians employed by CUA. Specifically, Exhibits 11-21 of Plaintiff's Second Supplemental Memorandum in Support of Conditional Certification consist of affidavits wherein the declarants state that they were "employed by above-listed Defendants." (Doc. 156-11-21).

As in Plaintiff's initial affidavits, these new affidavits attempt to conflate CUI and CUA as the declarant's employer. Plaintiff has not, and cannot, demonstrate that CUI was a

5

joint employer of the CUA's technicians for purposes of the FLSA simply by declaring it so. Accordingly, it remains that the only substantial assertions supported by the personal knowledge with respect to the declarants in Exhibits 11-21 purporting to be "employed by above-listed Defendants," demonstrate only that these declarants were employed and paid by CUA, which was acting as a subcontractor for CUI. None of the affidavits contained in Exhibits 11-21 suggest that the declarant was directly employed or paid by CUI, or that any of them worked for a CUI subcontractor other than CUA. Furthermore, these affidavits do not offer any evidence, based on personal knowledge of how technicians for other CUI subcontractors were paid.

As such, the eleven affidavits contained in Exhibits 11-21 add nothing to Plaintiff's argument that all CUI subcontractors were engaged in the same pay policy or practice. Rather, these declarants simply further demonstrate that those technicians that worked for CUA were similarly situated with respect to how they were paid, and would fall within the class of CUA employees already certified by this Court.

> **B.** **The remaining assertions presented in support of blanket conditional collective action certification are vague and conclusory as to who employs the declarants and how they are paid, and moreover, are insufficient to grant conditional certification of all technicians that worked for any named or unnamed CUI subcontractor.**

The remaining affidavits, Exhibits 1 through 10, make similar allegations as the other affidavits provided, including that these declarants were "employed by the above-listed Defendants." (Doc. 156-1-10). However, each of these declarants also lists a different entity from whom they were "paid by." Specifically, Exhibit 1 asserts the declarant was "paid by"

J&J Communications; Exhibit 2 by Frank Cagle (it is not clear from the affidavit whether "Frank Cagle" is a business entity or a person working for an unnamed business entity); Exhibit 3 by Five Star Communication and Tite Lock Technology; Exhibit 4 by J&J Communications; Exhibit 5 by Alpha Communications; Exhibit 6 J&L Cable; Exhibit 7 by Startech; Exhibit 8 by Bamcis; Exhibit 9 by ARE Telecommunications; and Exhibit 10 by Administrative Support Group.

Importantly, these affidavits admit that these technicians were not paid by CUI. Also, importantly, none of these affidavits offer any evidence of the pay policy or plan under which these declarants were paid. It would be pure speculation to argue that Five Star Communications pays its technicians according to the same pay policy or plan as Alpha Communications or as CUA. It would also be pure speculation to argue that any of these entities were operating under a coordinated, common pay policy or plan.

At the outset, the affidavits in Exhibits 1-10 make conflicting allegations about for whom these declarants work. As explained above, by asserting they were "employed by the above-listed Defendants," the affiants are necessarily stating that they were employed by CUA, as CUI does not employ technicians directly, but rather, contracts work through subcontractors such as CUA. Indeed, in six of the affidavits, the declarants claim that they were "subject to the same policies and procedures and performed the same work as technicians C.U. Defendants classified as employees." (Doc. 156-3, ¶ 10; 156-5, ¶ 13; 156-7, ¶ 13; 156-8, ¶ 9; 156-9, ¶ 10; 156-10, ¶ 14). It is unclear how these declarants could claim personal knowledge of the work performed by CUA's technicians, the only named

7

Defendant that actually employs technicians, or policies and procedures to which CUA technicians were subjected, if they themselves did not work for CUA. The affidavits also do not state how the affiants know that they are subject to the same policies and procedures as technicians classified as employees by any of the defendants. The affiants state that they are classified as 1099 workers but they do not state how they know what policies or procedures are followed by anyone who is classified as an employee.

     If these declarants did in fact work for CUA, as they testify in their affidavits, they would already be included in the class of CUA technicians already conditionally certified in the collective action. As such, their affidavits would not support extending conditional certification to all CUI subcontractors as they would merely be duplicative of all the other affidavits of CUA technicians previously submitted, and upon which the Court has already granted conditional certification for a collective action consisting of CUA technicians. Yet these declarants also state that they were "paid by" another entity. If these declarants were not, in fact, employed by CUA as they have testified, but rather, were employed by the non-party entities that actually paid them, the affidavits still fail to support extending conditional certification to all CUI subcontractors.

     The assertions attempting to address the connections between the various non-party entities and CUI appear to be based on the declarants' "understanding," rather than on any personal knowledge of the business structures and relationships of these various companies. The affidavits make no substantially supported assertion based on personal knowledge that these entities are CUI subcontractors subject to an overarching policy or procedure with

8

respect to how technicians are classified and paid. Rather, each of these affidavits merely makes a conclusory, unsupported assertion that these entities and CUI "worked together." (Doc. 156-1, ¶ 7; 156-3, ¶ 6; 156-4, ¶ 7; 156-5, ¶ 8; 156-6, ¶ 6; 156-7, ¶ 8; 156-8, ¶ 6; 156-9, ¶ 6; 156-10, ¶ 8). While each affidavit contained in Exhibits 1-10 asserts that "C.U. Management centrally and collectively controlled operations," this appears to be nothing more than the same form language inserted into each affidavit submitted by Plaintiff (Doc. 156-1, ¶ 8; 156-3, ¶ 7; 156-4, ¶ 8; 156-5, ¶ 9; 156-6, ¶ 7; 156-1, ¶ 7; 156-7, ¶ 9; 156-8, ¶ 7; 156-9, ¶ 7; 156-10, ¶ 9).

Indeed, such assertions appear to be nothing more than Plaintiff's continued attempt to improperly conflate CUI and its subcontractors into a single entity to avoid having to show that technicians who worked for all CUI subcontractors were similarly situated with respect to the pay policies and procedures. The Court did not condone this the first time Plaintiff attempted it, ordering that Plaintiff must provide support for the proposition that technicians employed by other, non-party subcontractors were subject to the same policies and procedures as CUA, rather than just treating all entities as one-and-the same for such purposes, and therefore, should not condone it now.

Overall, these vague, conflicting, conclusory statements that are not based on personal knowledge cannot provide the basis for a blanket conditional certification of any technician that has ever worked for any CUI subcontractor in the collective action. As previously stated, district courts have repeatedly denied conditional certification of putative FLSA classes where the plaintiff failed to introduce evidence based on the plaintiff's, or

anyone else's, personal knowledge of the allegations contained in the complaint. *See, e.g.*, *Andrews v. Appletree Answering Service*, 2012 WL 2339322, at *3 (E.D. Mo. June 19, 2012) (Sippel, J.); *Wacker*, 2008 WL 4838146 at *2–4 (Perry, J.); *Meriwether v. Beverley Hills Liquor & Grocery Inc.*, 2014 WL 200355, at *3–4 (E.D. Mo. Jan. 17 2014) (Perry, J.); *Settles*, 2013 WL 12143084, at *5 (Phillips, J.).

Even putting aside the utter lack of any sufficient factual assertion regarding a connection between these non-party entities and CUI with respect to the employment, payment, and classification of workers, the affidavits contained in Exhibits 1-10, at best, indicate that two persons who worked for J&J Communications, and one person each who worked for Frank Cagle, Five Star Communication, Tite Lock Technology, Alpha Communications, J&L Cable, Startech, Bamcis, ARE Telecommunications, and Administrative Support Group were classified and paid as independent contractors.

This hardly demonstrates an established practice or procedure with respect to how each of these entities classified or paid their workers, and unlike with named Defendant CUA, the Plaintiff's Verified Complaint does not describe the alleged conduct of any of these entities with respect to their pay or classification policies. At best, these affidavits demonstrate that these other non-parties business entities employ one, and in one instance two, persons who believe that they were misclassified as independent contractors.

Moreover, the assertions as to these declarants' working conditions, and in particular that each asserts that they were not getting paid overtime, are not, as Plaintiff suggests, evidence that these declarants were subject to substantially similar policies and practices as

those imposed on Plaintiff and others at CUA. Rather, these allegations merely demonstrate that these declarants were paid as independent contractors, who are not subject to overtime, by their various employers, and not as employees. Indeed, under Plaintiff's argument, you could demonstrate that, because workers from two different McDonald's franchises are paid minimum wage, all McDonald's employees at any franchise location are subject to the same policy or procedures with respect to how they are paid for purposes of a conditional certification of a FLSA collective action.

      Finally, even to the extent that the affidavits contained in Exhibits 1-10 are sufficient to assert that these non-party entities who paid the declarants are CUI subcontractors that subjected their technicians to policies and procedures similar to those imposed upon the CUA technicians (which CUI denies) they still would only demonstrate that the technicians employed by the specific subcontractors named in the affidavits are similarly situated to the existing class members. These assertions cannot, and should not, be extrapolated upon to include technicians working for other CUI subcontractors from which Plaintiff has failed to procure affidavits. Accordingly, even if it is found that the class should be expanded, it should not be expanded, as Plaintiff requests, to include technicians who work for other subcontractors about whom Plaintiff has provided no information with respect to how such unnamed subcontractors paid or classified their employees.

    **C.**    **That the new affidavits provided contain assertions from technicians who worked in additional states does nothing to suggest technicians working for all of CUI's subcontractors were subject to the same pay policy or plan.**

On a final note, the fact that these new affidavits include assertions from declarants that performed work in additional states is likewise meaningless for purposes of determining whether blanket conditional certification of all technicians that worked for any CUI subcontractor should be granted. The Court's September 13, 2018 Order was clear that the issue was not the geographic scope of the potential class, but rather, that there was no support for the proposition that technicians employed by any CUI subcontractor, other than CUA, were similarly situated to CUA technicians in how they were paid. That the affidavits may now suggest that CUA employees were paid the same in eight states rather than in seven states does nothing to change this.

## CONCLUSION

WHEREFORE, Defendants C.U. Employment, Inc., Communication Unlimited Contracting Services, Inc., and Martin C. Rocha request that Plaintiff Tacita Fair's Motion for Conditional Certification be denied, and for any other relief the Court deems just under the circumstances.

        BROWN & JAMES, P.C.

        /s/ Steven H. Schwartz
        Steven H. Schwartz,     #36436MO
        sschwartz@bjpc.com
        800 Market Street, 11th floor
        St. Louis, Missouri 63101
        314.421.3400
        Fax: 314.421.3128

        **Attorneys for Defendants C.U. Employment, Inc., Communications Unlimited Contracting Services, Inc., and Martin C. Rocha**

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Kevin J. Dolley
Michael G. Mueth
Law Offices of Kevin J. Dolley, LLC
2726 S. Brentwood Blvd.
St. Louis, Missouri  63144
kevin@dolleylaw.com
Michael.mueth@dolleylaw.com
Attorneys for Plaintiff

        /s/ Steven H. Schwartz

#21236853.2