**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TACITA FAIR, individually and on behalf of those similarly situated, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) ) |
| COMMUNICATIONS UNLIMITED, INC., et al., | ) ) ) |
| Defendant(s). | ) |

Case No. 4:17CV02391 SRC

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Tacita Fair's Motion to Conditionally Certify FLSA Collective Action [2] and Plaintiff's Second Motion to Toll FLSA Statute of Limitations [157]. The Court grants Fair's Motion to Conditionally Certify FLSA Collective Action and denies Fair's Second Motion to Toll FLSA Statute of Limitations.

**I.   BACKGROUND**

On September 11, 2017, Plaintiff Tacita Fair filed a complaint in this Court alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq.* ECF No. 1. Plaintiff brought this suit as a collective action and a class action. Plaintiff alleges Defendants[1] misclassified employees as independent contractors to avoid paying overtime rates. On the same date she filed her complaint, Plaintiff filed a motion to conditionally certify the FLSA collective action. ECF No.

---

[1] Defendants include C.U. Employment, Inc., Communications Unlimited Contracting Services, Inc., Communications Unlimited Alabama, Inc. ("CUA"), and Martin Rocha (collectively "Defendants"). The Court dismissed Communications Unlimited, Inc. from this case and it is not included in "Defendants."

1

2. Three days later she filed a motion to toll the statute of limitations. ECF No. 6. On February 12, 2018, Plaintiff filed an amended motion to toll the statute of limitations. ECF No. 36.

Prior to bringing this lawsuit, Marcus Fulton filed a lawsuit in this Court against the same defendants, with the same allegations regarding the classification of technicians and failure to pay overtime rates. Fulton failed to comply with court orders, failed to timely file a class certification brief, and failed to respond to a motion to dismiss the class action claims. Consequently, the Court dismissed the case for failure to prosecute. Thirteen days later, Plaintiff filed this action.

On February 23, 2018, the Court granted Plaintiff's motion to toll the statute of limitations for claims of individuals who opted-in to the Fulton suit from the date their claims were dismissed in the Fulton suit to the time when Defendants provide their contact information to Plaintiff. ECF No. 43. On April 3, 2018, Plaintiff filed a motion to compel the production of phone numbers, email addresses, and dates of service for Defendants' technicians. ECF No. 50. The Court granted Plaintiff's motion to compel on May 16, 2018, and required Defendants to produce the information by June 14, 2018. ECF No. 65. On June 21, 2018, and July 11, 2018, Defendants filed motions to dismiss the case, or in the alternative, to stay the case and compel arbitration. ECF Nos. 78, 86.

On July 24, 2018, Charter Communications, Inc. filed a motion to quash a subpoena served by Plaintiff. ECF No. 91. On September 6, 2018, the Court denied Defendants' motions to dismiss or to compel arbitration. ECF No. 112. On September 13, 2018, the Court partially granted Plaintiff's motion for conditional certification. ECF No. 113. The Court conditionally certified a class of technicians who installed cable on behalf of CUA. The Court ordered Plaintiff

to submit additional declarations for technicians working for other subcontractors to determine if they should be included in the class as well.

On October 3, 2018, Plaintiff filed a second motion to compel to the names, phone numbers, email addresses, and dates of service of 1099 independent contractors paid by subcontractors as required by the Court's prior orders. ECF No. 114. On November 6, 2018, the Court granted the second motion to compel and ordered Defendants to produce the information by November 26, 2018. ECF No. 122. On January 16, 2019, the Court denied Charter Communication's motion to quash. ECF No. 139. On February 20, 2019, Defendants filed a motion for protective order to ban Plaintiff's communications with independent contractors beyond those working for CUA. ECF No. 146. On March 4, 2019, the Court denied Defendants' motion but required Plaintiff to submit to the Court any letter she intends to send to potential declarants for approval prior to sending. ECF No. 150. The Court approved Plaintiff's letter on March 13, 2019. ECF No. 152.

On July 9, 2019, Plaintiff filed 21 additional declarations in support of her motion for conditional certification. ECF No. 156. The same day she filed the pending motion to toll the statute of limitations. ECF No. 157. The motions for conditional certification and to toll the statute of limitations became fully briefed on August 5, 2019.

## II.     MOTION TO TOLL THE STATUTE OF LIMITATIONS

In her second motion to toll the statute of limitations, Plaintiff asks the Court to toll the statute of limitations for potential opt-in plaintiffs from September 11, 2017 (the date she filed her motion for conditional certification) until this Court authorizes dissemination of notice and consent to join forms in this case.

*A.     Standard*

3

Equitable tolling is a "limited and infrequent form of relief" that is available if a party establishes "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way." *Smithrud v. St. Paul*, 746 F.3d 391, 396 (8th Cir. 2014) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005)). The party requesting this relief bears the burden of demonstrating that she satisfies this test. *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002). While equitable tolling is not available for all statutes, "a nonjurisdictional federal statute of limitations is normally subject to a 'rebuttable presumption' in favor 'of equitable tolling.'" *Holland v. Florida*, 560 U.S. 631, 645-46, (2010). Every Circuit that has ruled on the issue has determined that the FLSA statute of limitations period is not jurisdictional. See *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1635, n.8 (2015) ("[E]very Court of Appeals to have considered the issue has found that § 6 of the Portal–to–Portal Act, which contains the same "shall be forever barred" phrase, permits hearing late claims.").

B.  Discussion

Under the FLSA, an action is barred unless filed within two years after the cause of action accrued. 29 U.S.C. § 255(a). If it is a willful violation, the limitation is three years. *Id*.

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act –
>
> (a) if the cause of action accrues on or after May 14, 1947 – may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

29 U.S.C. § 255(a). Unlike in a Rule 23 class action procedure, a collective or class action commences on the date written consent to join is filed. 29 U.S.C. § 256. As a result, the statute of limitations continues to run until a putative class member elects to join the suit. *Davenport v.*

4

*Charter Comm'ns, LLC*, No. 4:12CV00007 AGF, 2014 WL 2993739 at *4 (E.D. Mo. Jul. 3, 2014).

Under Rule 23, each person within the description of the class in a class action is considered a class member and the judgment binds each class member unless he or she has "opted out" of the suit. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975). In a collective or class action under the FLSA, a person cannot become a party plaintiff and a judgment does not bind the individual unless he or she has "opted into" the class by filing written consent. *Id*. Consequently, the complaint-tolling rule of Rule 23 class actions does not apply in FLSA actions. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996). In an FLSA collective action, the action commences on the date written consent to join is filed, and the statute of limitations begins tolling on that date.

"Statutory limitations periods are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id*. Statutes of limitations "ensure[] essential fairness to defendants and [bar] plaintiffs who [have] slept on [their] rights." *Id*.  Because of these principals underlying statutes of limitations, "[t]he doctrine of equitable tolling does not apply to garden variety claims of excusable neglect, and should be invoked only in exceptional circumstances truly beyond the plaintiff's control." *Jenkins v. Mabus*, 646 F.3d 1023, 1028-29 (8th Cir. 2011).

5

The Eighth Circuit has not directly addressed the issue of equitable tolling in FLSA cases. *Davenport*, 2014 WL 2993739 at *4. District courts have taken varying approaches to the question of equitable tolling in FLSA cases. Some district courts have not allowed for equitable tolling in circumstances similar to this case. *Id*. at *5. These courts held that if Congress wished to have opt-in plaintiffs' lawsuits relate back to the filing date of the lead plaintiff, Congress would have spelled out such a rule in the statute instead of spelling out the exact opposite. *Id*. These courts also held that there is nothing extraordinary about the passage of time between the filing of a motion and the issuance of notice to the class; this delay is anticipated and ordinary, and to permit tolling would transform the "extraordinary remedy" of equitable tolling into a routine, automatic one. *Id*. Other courts have held that delays between the filing of a motion for conditional certification and a ruling on the motion constitute "exceptional circumstances" allowing for equitable tolling. *Id*. at *4.

The Court finds the reasoning of courts that have denied equitable tolling in these circumstances to be more persuasive for several reasons. First, the statutory text of § 255(a) does not lend itself to equitable tolling ("every such action shall be forever barred unless commenced within [two or three years] . . ."). Second, had Congress wanted to extend the limitations period in collective actions, it could easily have done so by, for example, building in a tolling period between commencement of the action and the opt-in period or by expressly granting courts authority to toll the limitations period. Third, in the 45 years since the Supreme Court held in *American Pipe* that tolling applies to Rule 23 opt out class actions, Congress has not amended § 255 or otherwise provided for tolling in FLSA collective actions.[2] Fourth, the structure of the FLSA, including the grace-period provisions of §255(b), (c), and (d), further show that Congress

---

[2] Notably, Congress amended §255 a few months after the Supreme Court decided *American Pipe* but did not amend the language of §255(a) or (b), or add tolling provisions.

6

could have built tolling into the statutory text but chose not to. Fifth, the opt-in process for FLSA collective actions inherently involves delay between filing and opting in, so extending the limitations period based on litigation delays contravenes the structure that Congress chose. "Equitable tolling is not permissible where it is inconsistent with the text of the relevant statute." *United States v. Beggerly*, 524 U.S. 38, 48 (1998) (citing *United States v. Brockamp*, 519 U.S. 347 (1997)).

Here, Plaintiff argues the statute of limitations should be tolled because of the delay from Defendants in providing the contact information of potential class members. FLSA defendants are not obligated to provide contact information of potential class members voluntarily. *Holliday v. J S Express, Inc.*, No. 4:12CV01732 ERW, 2013 WL 2395333 at *8 (E.D. Mo. May 30, 2013) (citing *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 480 (S.D. N.Y. 2008)). Refusal to disclose contact information cannot be a basis for equitable tolling because it would make the FLSA statute of limitations meaningless. *Id*. A failure to disclose contact information does not constitute an "exceptional circumstance" warranting equitable tolling.

The procedural history of the case indicates no exceptional circumstances exist to warrant equitable tolling. The delays in the case result from ordinary discovery disputes and time allowed for court rulings, common in all types of litigation. Plaintiff has not met her burden to satisfy that she diligently pursued her rights *and* that some extraordinary circumstance, sufficient to contravene the express statutory bar, stood in her way. The Court denies Plaintiff's motion to toll the statute of limitations.

**III.     MOTION FOR CONDITIONAL CERTIFICATION**

   *A.     Standard*

Under the FLSA, plaintiffs may sue for failure to pay overtime and other violations of the statute on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Similarly situated" is not defined by the statute. The Eighth Circuit held that plaintiffs may be similarly situated if "they suffer from a single, FLSA-violating policy . . ." *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014), *aff'd and remanded*, 136 S. Ct. 1036 (2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)). When making this determination, the Court may consider "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Id*. (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)).

B.  Discussion

When applying the FLSA to a potential group of plaintiffs, district courts in this circuit apply a two-step analysis. *Getchman v. Pyramid Consulting, Inc.*, No. 4:16 CV 1208 CDP, 2017 WL 713034, at *4 (E.D. Mo. Feb. 23, 2017) (collecting cases). In the first step, the plaintiff moves for conditional certification "for notice purposes at an early stage of the litigation." *Id*. In the second step, the court determines, after the close of discovery, whether the plaintiffs are actually similarly situated. *Id*. The plaintiffs' burden for the first step "is not onerous." *Id*. (citing *Kautsch v. Premier Comm'ns*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007)). Plaintiffs need only provide "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id*. (quoting *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005)). Granted, plaintiffs cannot meet this burden by providing "[u]nsupported assertions that FLSA violations were widespread," or assertions "not based on personal

8

knowledge." *Haynes v. Singer, Co.*, 696 F.2d 884, 887 (11th Cir.1983); *Settles v. Gen. Elec.*, No. 12-00602-CV-W-BP, 2013 WL 12143084, at *2 (W.D. Mo. Feb. 19, 2013).

In the Court's prior order granting conditional certification for technicians of CUA, the Court found Plaintiff's assertions were supported by personal knowledge and that she provided substantial allegations that the technicians were victims of a single policy to classify technicians at all of its offices as independent contractors. ECF No. 113. In support of its motion to conditionally certify a class of all technicians working for all subcontractors, Plaintiff submitted an additional 21 affidavits. Nine of these affidavits did not list a subcontractor and simply stated the individual worked for "C.U. Defendants" which includes the defendants named in this lawsuit. The remaining 12 affidavits listed various subcontractors including J& J Communications, Five Star Communication, J&L Cable, along with several others.

As in the declarations submitted with the first motion for conditional certification, in each of these declarations, the Technicians stated that they were issued 1099s for independent contractors, assigned one or two-hour time frames in which to complete work, required to maintain and report metrics, required to wear "Communications Unlimited" uniform shirts and carry an identification badge, provided with equipment from a Communications Unlimited facility, and denied overtime pay despite working more than forty hours per week. These technicians worked in 14 different states and the District of Columbia. Together with the complaint, these declarations provide "substantial allegations" that Defendants had a "single decision, policy, or plan," to classify Technicians at all of its offices and with all of its subcontractors as independent contractors. As a result, the Court grants Plaintiff's motion for conditional certification of all Technicians who installed cable for subcontractors of Defendants.

On August 23, 2019, Plaintiff moved to dismiss Defendant Communications Unlimited, Inc. The Court granted the motion three days later. Defendants argue the declarants for the affidavits submitted by Plaintiff in support of conditional certification have no personal knowledge as to the business structure or pay policies of Defendants because all of the declarants state they worked under the name "Communications Unlimited," an entity now dismissed from this action. In response, Plaintiff asserts Defendants did, and continue to do, business under the name Communications Unlimited, Inc.

The affidavits state Defendants referred to themselves as "Communications Unlimited, Inc.," they used "@cuicable.com" email addresses, technicians wore "Communications Unlimited" uniform shirts and picked up equipment from a "Communications Unlimited" facility, and technicians installed cable on behalf of Defendants under the name Communications Unlimited, Inc. Each affidavit identifies which Defendants they worked for, the business name under which Defendants did business, and the subcontractor who paid them. Plaintiff provides sufficient factual allegations regarding Defendants' pay practices to conditionally certify the class and the dismissal of Communications Unlimited, Inc. as a defendant does not affect the Court's decision. In conditionally certifying the class, the Court reserves for future decision the question of whether the existing Defendants are liable to the technicians who opt in to the case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Tacita Fair's Motion to Conditionally Certify FLSA Collective Action [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Toll FLSA Statute of Limitations [157] is **DENIED**.

So Ordered this 26th day of September, 2019.

*/s/ SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**