IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TACITA FAIR, individually and on behalf of those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:17-CV-02391-RWS |
| COMMUNICATIONS UNLIMITED, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILECONSENT TO JOIN FORMS OUT OF TIME**

COMES NOW Plaintiff Tacita Fair ("Plaintiff" or "Fair"), by and through undersigned counsel, and for her Memorandum of Law in Support of her Motion for Leave to File Consent to Join Forms Out of Time, states as follows:

## **BACKGROUND**

On September 26, 2019, this Court granted Plaintiff's Motion to Certify FLSA Collective Action. (Doc. #180). On October 4, 2019, this Court authorized Plaintiff to send notice to the conditionally certified class and set a December 2, 2019 deadline for potential plaintiffs to file notice of consent to join this collective action. (Doc. #182). Between October 24, 2019 and December 2, 2019, Plaintiff filed consent to join forms on behalf of 258 opt-in plaintiffs. (Doc. #186-212). Since the last filing on December 2, 2019, Plaintiff has received twenty-two (22) additional consent to join forms, which are attached hereto and filed as Exhibits 1-23. For the reasons stated herein, Plaintiff requests this Court grant leave to file these twenty-three (23) consent to join forms out of time.

## LEGAL STANDARD

"[T]he Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., under which this action is brought, does not set forth any deadlines for filing consents to join a collective action." *Davenport v. Charter Communications, LLC*, No. 4:12-CV-00007-AGF, 2015 WL 13691884, *1 (E.D. Mo. Feb. 10, 2015). "Rather, courts often set such cutoff dates, taking 'the approach that plaintiffs seeking to intervene as class plaintiffs should be given the maximum latitude consistent with fairness to the defendant, so long as there is no express Congressional direction to the contrary. *Id*. (quoting *Kelley v. Alamo*, 964 F.2d 747, 750 (8th Cir. 1992). "In determining whether to accept consent forms filed after a court-imposed deadline, courts generally consider the following factors: '(1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Id*. (citing *Ruggles v. Wellpoint, Inc.*, 687 F.Supp.2d 30, 37 (N.D.N.Y. 2009); *see also Kitigawa v. Drilformance, LLC*, No. H-17-726, 2018 WL 690835, *1 (S.D. Texas Feb. 1, 2018).

## DISCUSSION

Ten of the prospective plaintiffs emailed or mailed their consent forms by the Court's December 2, 2019 deadline. Jeffrey Carr emailed his consent form at 5:46 p.m. on December 2, 2019, before the deadline passed but after Plaintiff's counsel's office closed for the day. (Exhibit 1, p. 2). Artavious Davis, Everton Simmons, Idriss Kabia, Joseph Holmes, Raymond Johnson, Tyler Schaffer, Whitney Dupre, and Gregory Reed mailed their consent forms in November, which is confirmed by the postmarks on the envelopes they used to mail their forms. (Exhibits 2-9, p. 2). Michael Williams's postmark is illegible but his consent form is dated November 22, 2019, indicating he mailed it prior to the deadline. (Exhibit 10). The post office delivered Tyler

Schaffer's form to Plaintiff's counsel's office on December 3, 2019 and delivered the remaining forms on December 10, 2019 despite their being mailed approximately two weeks earlier. These delays are not attributable to the prospective plaintiffs and was beyond their control. These plaintiffs demonstrate good cause for their late filings.

Three prospective plaintiffs emailed their consent forms two days after the deadline but provide good cause for doing so. Erika Meyers's mother passed away and left her overwhelmed. (Exhibit 11, p. 2). Kenneth Ezell was working out of town and did not receive the notice and consent form mailing until December 4, 2019. (Exhibit 12, p. 2). Jeffery Yon was out of town and did not receive the notice and consent form mailing until December 16, 2019. (Exhibit 13, p. 2). He promptly emailed his signed consent form the same day. (*Id.*). These explanations constitute good cause for the late submissions.

The remaining ten prospective plaintiffs mailed or emailed their consent forms to Plaintiff's counsel between December 3 and December 13, with the most recent being received on December 16, 2019. (Exhibits 14-23). Courts often establish 60-day opt-in periods in similar litigation. *See, e.g.*, *Holliday v. JS Exp. Inc.*, No. 4:12-CV-01732-ERW, 2013 WL 2395333, *10 (E.D. Mo. May 30, 2013); *Hussein v. Capital Building Services Group, Inc.*, 152 F.Supp.3d 1182, 1199 (D. Minn. 2015). Plaintiff initially requested a longer, 75-day notice period (Doc. #3-1) but agreed to the 45-day period this Court imposed given the length of time this case has been pending. (Doc. #182). Allowing these filings now would mean all consent forms were still filed within a 60-day period.[1]

The four additional factors governing late filings weigh in plaintiffs' favor. No prejudice

---

[1] Assuming *arguendo* these nine filers fail to demonstrate good cause, "this factor may be discounted because 'a rigid application of the good cause test does not fully respond to the various factors with which the court must concern itself." *Kitigawa*, 2018 WL 690835, at *2 (quoting *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 2008 WL 4712769, at *2 (N.D. Cal. Oct. 23, 2008).

to Defendants exists as a result of ten additional plaintiffs joining the case within two weeks of the deadline.  Each of these consent forms was sent within one week—and are being filed within two weeks—of the deadline.  Courts have allowed later filings in similar situations. *See, e.g.*, *Helton v. Factor 5, Inc. et al*, No. C10-04927SBA, 2014 WL 1725734, *2 (N.D. Cal. April 29, 2014) (allowing late filers who missed deadline by "approximately nine months"); *Heaps v. Safelite Solutions, LLC*, No. 2:10-CV-729, 2011 WL 6749053, *2 (S.D. Ohio Dec. 22, 2011) (allowing late filings that were "within a few months after the deadline and the majority of them within one month"); *Ruggles*, 687 F.Supp.2d at 37 (allowing late filings "within a month of the…deadline").

Joining these individuals to this lawsuit instead of them filing their own individual lawsuits promotes judicial economy.  This lawsuit already has approximately 277 plaintiffs whose claims are being litigated in a single action.  Allowing these twenty-three (23) Technicians to join the existing lawsuit prevents duplicate and unnecessary litigation.  Moreover, "the broad remedial purposes of the FLSA are served by a 'generous reading, in favor of those whom Congress intended to benefit from the law,…when considering issues of time limits and deadlines." *Davenport*, 2015 WL 13691844, at *1 (quoting *Kelley*, 964 F.2d at 750).  This Court should allow each prospective plaintiff to file his or her consent form out of time and deem the attached Exhibits 1-23 filed as of December 17, 2019.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court grant Plaintiff's Motion for Leave to File Consent to Join Forms Out of Time enter an Order allowing Plaintiff to file the twenty-three (23) attached Consent to Join Forms after the Court's December 2, 2019 deadline, deem the twenty-three (23) attached Consent to Join Forms filed as of December 17, 2019, and for such other and further relief this Court deems just and proper under the circumstances.

         Respectfully Submitted,


       By:   */s/ Kevin J. Dolley*
         Kevin J. Dolley (E.D. Mo. #54132MO)
         Michael G. Mueth (E.D. Mo. #58995MO)
         LAW OFFICES OF KEVIN J. DOLLEY, LLC
         2726 S. Brentwood Blvd.
         St. Louis, MO 63144
         (314) 645-4100 (office)
         (314) 736-6216 (fax)
         kevin@dolleylaw.com
         michael.mueth@dolleylaw.com

         *Attorneys for Plaintiff Tacita Fair and those similarly situated*

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing was served upon the attorneys of record for Defendant by electronic filing on December 17, 2019 through the Court's electronic case filing system.


            */s/ Kevin J. Dolley*