IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TACITA FAIR, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:17-CV-02391-SRC |
| C.U. EMPLOYMENT, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION AND DISMISS OR STAY ARBITRATION PLAINTIFFS' CLAIMS**

COMES NOW Plaintiff Tacita Fair ("Plaintiff" or "Fair"), by and through undersigned counsel, and for her Response in Opposition to Defendants' Motions to Compel Arbitration and Dismiss or Stay Arbitration Plaintiffs' Claims, states as follows:

**BACKGROUND**

On September 11, 2017, Plaintiff filed her Complaint asserting individual and collective claims under the Fair Labor Standards Act ("FLSA"). (Doc. #1). On June 21, 2018, Defendant Communications Unlimited Alabama, Inc. ("CUA") moved to dismiss Fair's Complaint or, in the alternative, to stay the proceedings and compel arbitration. (Doc. #78). On July 11, 2018, Defendants C.U. Employment, Inc. ("C.U. Employment"), Communications Unlimited Contracting Services, Inc. ("CUCS"), and Martin Rocha ("Rocha") filed a similar motion. (Doc. #86).

On September 6, 2018, the Court denied Defendants' motions. (Doc. #112). The Court found that Defendants waived their right to arbitrate because CUA knew of its right to arbitrate and acted inconsistently with that right by fully briefing a motion to toll and a motion to compel.

1

(Doc. #112, p. 5).  Additionally, the Court found Fair has been prejudiced because "the instant litigation has involved her time and resources for almost a year and CUA's actions have no doubt influenced how she decides to pursue her claims." (*Id*.).

On October 4, 2019, this Court directed Defendants to "file a motion regarding the applicability of arbitration agreements on the conditionally certified class no later than October 7, 2019." (Doc. #182).  The same day, Defendants notified the Court that "Defendants have decided not to file a motion to prevent notice to those who signed arbitration agreements." (Doc. #183).  Defendants further notified the Court that they "intend to file a motion (or motions) to dismiss the claims of those who agreed to arbitrate their claims." (*Id*.).  Defendants did not seek an extension of the Court's October 7, 2019 deadline.  Instead, Defendants indicated that because they would be filing "motions to dismiss," such motions, in Defendants' opinion, would not be a motion regarding the applicability of arbitration agreements. (*Id*.).

On January 16, 2020, Defendants C.U. Employment, CUCS, and Rocha (collectively "Defendants") filed a Motion to Compel Arbitration and Dismiss or Stay Arbitration Claims for plaintiffs Kevin Mallory ("Mallory"), Iaroslav Bashtanar ("Bashtanar")[1], Anthony Ellett ("Ellett"), Chris Royster ("Royster"), Joshua Jarvis ("Jarvis"), Rasheeb Burns ("Burns"), and Abraham Garcia ("Garcia"). (Doc. #231).  On January 22, 2020, Defendants filed a supplemental motion seeking to compel arbitration for plaintiff Eric Douglas ("Douglas"). (Doc. #235).  Defendants rely upon the same arguments in support of both Motions and this Response addresses both Motions.  For the reasons stated herein, this Court should deny Defendants' Motions.

---

[1] After filing his Consent to Join Form, Bashtanar requested to be removed as a party plaintiff and Plaintiff has filed a motion seeking his dismissal from this action without prejudice. (Doc. #236).

## **LEGAL STANDARD**

In a challenge to an arbitration agreement, the District Court must initially decide whether "the making of the agreement for arbitration or the failure to comply therewith" is at issue. 9 U.S.C. § 4; *see also MedCam, Inc. v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005). The Eighth Circuit "has refined this inquiry to asking (1) whether the agreement for arbitration was validly made and (2) whether the arbitration agreement applies to the dispute at hand, i.e.; whether the dispute falls within the scope of the arbitration agreement." *MedCam*, 414 F.3d at 974.

There are two types of challenges to the validity of arbitration agreements: (1) specific challenges to the validity of the agreement to arbitrate and (2) challenges to the contract as a whole. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006). If a party challenges the validity of the precise agreement to arbitrate, the court must consider the challenge before ordering compliance with that agreement. *Rent-a-Center, West, Inc. v. Jackson*, 561 U.S. 63, 71 (2010); *see also Buckeye*, 546 U.S. at 445-46.

"State law must be applied to determine if a binding agreement exists." *Cody v. Chase Professionals*, 2018 WL 2219090, at *1 (W.D. Mo. May 15, 2018) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629-31 (2009)). Under Missouri law, "arbitration agreements are tested through a lens of ordinary state-law principles that govern contracts…." *Robinson v. Title Lenders, Inc.*, 364 S.W.3d 505, 515 (Mo. banc 2012). "[C]onsideration is given to whether the arbitration agreement is improper in light of generally applicable contract defenses…." *Id*.

## DISCUSSION

**I. Defendants Have Waived Arbitration By Waiting Until January 2020 To Request Arbitration, Thereby Acting Inconsistently With Any Purported Arbitration Right And Prejudicing Plaintiffs.**

Defendants have waived their right to arbitration. "[D]espite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration." *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012) (quoting *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)). A party waives its right to arbitrate if it (1) has acted inconsistently with the arbitration right and (2) in so doing, the party has in some way prejudiced the other party. *Garcia*, 699 F.3d at 1277 (citation omitted). "To determine whether the other party has been prejudiced, courts 'consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process.'" *Id.*

As a threshold matter, Defendants waived their right to file motions to compel arbitration by violating this Court's Order scheduling order. (Doc. #182). Defendants' instant motions concern the applicability of arbitration agreements on the conditionally certified class. Whether they are called "motions to dismiss" is irrelevant as it is the content, not the title, of the motion that controls. Moreover, Defendants ultimately elected to call their motions "Motion to Compel Arbitration and Dismiss or Stay Arbitration Plaintiffs' Claims." (Doc. #231, 235). This Court should deny Defendants' motions for being filed out of time in violation of this Court's scheduling order. (Doc. #182).

Defendants also acted inconsistently with their purported arbitration right. Each plaintiff signed the arbitration agreement on or before December 18, 2018. (Doc. #232-8 to 232-14, 235-2). On September 11, 2017, Fair filed her Complaint. (Doc. #1). In March 2019, Defendants provided names and mailing addresses for potential plaintiffs in response to this Court's Order.

4

(Doc. #150). Each plaintiff named in these Motions was included in the information Defendants produced. Defendants were aware that these Technicians were potential plaintiffs and that they had signed arbitration agreements.

Despite this, Defendants failed to request arbitration until January 2020. During this time, Defendants "substantially invoked the litigation machinery prior to demanding arbitration." *Garcia*, 699 F.3d at 1277 (citation omitted). Defendants twice opposed Plaintiff's Motion to Conditionally Certify FLSA Collective Action (Doc. #163, 176) and the parties litigated Plaintiff's Second Motion to Toll FLSA Statute of Limitations. (Doc. #157, 162, 164). Defendants moved to amend the scheduling order to allow them to file a motion requesting leave to add third-party defendants (Doc. #184) and opposed Plaintiff's motion for leave to file additional consent to join forms out of time, including Garcia and Douglas. (Doc. #223). The parties appeared before the Court multiple times to argue substantive motions and discuss scheduling matters. (Doc. #68, 181, 222, 227).

After learning these Technicians were potential plaintiffs, Defendants served two interrogatories and three requests for production on Fair and each of the 301 plaintiffs who joined this action. Defendants' discovery requests called for years of time and pay records and inquired into each week of each plaintiff's employment. Defendant's characterization of this discovery as insubstantial is misplaced. (Doc. #232, p. 5). Plaintiff had to contact each plaintiff, attempt to obtain interrogatory answers and documents, and produce the information received.

Defendants waited more than ten months after learning these Technicians were potential plaintiffs—and more than three years after Fair filed her Complaint—to request arbitration. During this time, the parties engaged in substantial litigation, showing Defendants have acted inconsistently with any purported right to arbitration. *S&H Contractors*, 906 F.2d at 1514. As this

5

Court noted in denying Defendants' first arbitration motion, fully briefing a motion to toll and a motion to compel is sufficient to find that Defendants' acted inconsistently with their right to arbitration. (Doc. #112, p. 5). Here, the parties engaged in more substantial litigation, including four motions, multiple conferences, and written discovery directed to 302 plaintiffs. Defendants waived their right to arbitration by acting inconsistently with that right. *Garcia*, 699 F.3d at 1277; Doc. #112.

Plaintiff and the opt-in plaintiffs would suffer undue prejudice if arbitration is compelled at this late stage. Defendants' delay is sufficient to constitute waiver. *See* Doc. #112, p. 5 (delay of "almost a year" constitutes prejudice); *see also Menorah Ins. Co., Ltd. v. INX Reinsurance Corp.*, 72 F.3d 218, 222 (1st Cir. 1995) (delay of more than fifteen months was sufficient); *Jones Motor Co., Inc. v. Chauffeurs, Teamsters and Helpers Local Union No. 633 of New Hampshire*, 671 F.2d 38, 42 (1st Cir. 1982) (delay of more than one year was sufficient). During this time, Plaintiffs have expended significant time, cost, and effort in conducting this litigation. Corporate representative depositions for C.U. Employment and CUCS are scheduled for February 5, 2020 in Birmingham, Alabama. Defendants are aware that Plaintiff subpoenaed records from CSG International, Inc. and is working to schedule depositions of Charter Communications, Inc. and Comcast Corporation's corporate representatives. (Doc. #233).

Compelling arbitration at this stage of the litigation would substantially prejudice Plaintiff and the Opt-in Plaintiffs by having their claims interrupted, split into multiple proceedings, and further delayed. This would also force plaintiffs to incur additional costs and would not promote judicial economy. As the Court noted when denying Defendants' first arbitration motions, litigating for almost a year, including a motion to toll and a motion to compel, is sufficient to prejudice plaintiffs. (Doc. #112, p. 5). Defendants have substantially prejudiced Plaintiffs such

that Defendants have waived their right to arbitration. This Court should deny Defendants' Motions.

## II. The Delegation Provisions Of The Arbitration Agreements Are Invalid.

Defendants argue the delegation provision found in the "Claims Covered by the Agreement" section of the "Mutual Agreement to Arbitrate Claims"[2] requires arbitration of plaintiffs' claims. (Doc. #232, pp. 2-4). Before compelling arbitration, this Court must determine whether the delegation provision is valid. *Rent-a-Center*, 561 U.S. at 71.

"The elements required to form a valid contract in Missouri are 'offer, acceptance, and bargained for consideration.'" *Baier v. Darden Restaurants*, 420 S.W.3d 733, 737 (Mo. Ct. App. 2016) (citations omitted). "As the party asserting the existence of a valid and enforceable contract to arbitrate, Defendant [bears] the burden of proving that proposition." *Id*. "Bargained for consideration" is an essential element of any contract. *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. banc 2014). Consideration consists either of a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party." *Id*. (citation omitted).

Exhibits AA-HH identify two types of consideration plaintiffs purportedly received in exchange for agreeing to arbitration: (1) the promise by the parties to the Agreements to arbitrate differences, rather than litigate them before courts, and (2) plaintiffs being allowed to continue to provide services for Defendants. (*See, e.g.*, Doc. #235-2, p. 8). Neither qualifies as adequate or sufficient consideration.

Defendants' promise to arbitrate differences fails as consideration because it is illusory. *Id*. "A promise is illusory when one party retains the unilateral right to amend the agreement and

---

[2] Each plaintiff's "Mutual Agreement to Arbitrate Claims" is attached to CU Defendants' Motions as Exhibits AA through HH. (Doc. #232-8 to 232-14, 235-2).

avoid its obligations." *Id*. (citation omitted). Here, C.U. Employment's President may modify or terminate the agreement with 30 days written notice to the relevant plaintiff. (Doc. #232-14, p. 9). However, it also states "[t]he agreement in effect at the time a claim is received by each party shall govern the process by which the claim is determined." (*Id*.). This provision allows Defendants to modify the arbitration agreement unilaterally and retroactively. For example, if an employee is injured, her worker's compensation claim is not arbitrable under the existing agreement. (Doc. #232-14, p. 4). However, if Defendants immediately modified the agreement to include Workers' Compensation claims and notified the employee, the workers' compensation claim would be arbitrable if filed 31 days after the injury. Defendants' ability to unilaterally and retroactively modify Exhibits AA-HH renders their promise to arbitrate illusory, and such promises fail as consideration. *Baker*, 450 S.W.3d at 775.

Similarly, Defendants seek to compel arbitration under agreements that were not in effect at the time Plaintiff filed her Complaint and conditional certification motion. With respect to the plaintiffs at issue here, Defendants had them sign arbitration agreements at a time when Defendants knew these Technicians had potential claims in this lawsuit. Each plaintiff signed his respective agreement after Fair filed her Complaint and motion for conditional certification. *See* Ex. AA-HH. Moreover, Mallory, Jarvis, Burns, Garcia, and Douglas signed their agreements after Defendants admittedly knew Mallory was a potential plaintiff because his name was on the list Defendants produced to Plaintiff. (Doc. #232-8, 232-12, 232-13, 232-14, 235-2). The agreements do not disclose the existence of this lawsuit or plaintiffs' potential claims. Instead, Defendants had these Technicians sign arbitration agreements knowing they were potential plaintiffs and the promise to arbitrate differences fails as consideration.

"[C]ontinued at-will employment is not valid consideration to support an agreement requiring the employee to arbitrate his or her claims against the employer." *Baker*, 450 S.W.3d at 775 (citing *Whitworth v. McBride & Son Homes, Inc.*, 344 S.W.3d 730, 741 (Mo. Ct. App. 2011); *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 438-439 (Mo. Ct. App. 2010); *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 26 (Mo. Ct. App. 2008). "An offer of continued at-will employment is not valid consideration because the employer makes no legally enforceable promise to do or refrain from doing anything it is not already entitled to do." *Baker*, 450 S.W.3d at 775. "The employer can still terminate the employee immediately for any reason." *Id*. Here, plaintiffs did not work for Defendants pursuant to a contract and could be terminated at any time. *See, e.g.*, Doc. #232-14, p. 10. Allowing Technicians to continue to work for Defendants fails as consideration and the delegation provision of the arbitration agreements is invalid.

### III. This Court Should Not Enforce The Cost-Sharing Provision Of The Arbitration Agreements.

If this Court grants Defendants' motions, Defendants should be ordered to pay the full amount of each arbitrator's fees and costs, including filing fees, regardless of which party ultimately prevails. While the agreements say the arbitrator's fees shall be "shared equally by the parties," this is inconsistent with federal law. *See, e.g.*, *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 663 (6th Cir. 2003); *Nesbitt v. FCNH, Inc.*, 811 F.3d 371 (10th Cir. 2016). Requiring individual plaintiffs to pay half of the arbitrator's costs and fees will deter them from pursuing arbitration. These plaintiffs are blue collar workers who installed cable for a living and they do not have the financial resources to fund arbitration proceedings. Defendants are multiple corporations with the ability to jointly pay the costs and fees involved with the arbitration proceedings that they are seeking to compel these plaintiffs to attend. This Court should refuse to enforce the cost-splitting provision and direct Defendants to cover such costs and fees.

### IV.     Dismissal Of Plaintiffs' Entire Complaint Is An Improper Remedy.

Defendants argue this Court should dismiss Plaintiffs' claims with prejudice. (Doc. #231 and 235, ¶ 6). Assuming *arguendo* a valid arbitration agreement exists, dismissal is not the appropriate remedy. "When arbitration is compelled, '[t]he FAA generally requires a federal district court to stay an action pending arbitration, rather than to dismiss it.'" *Doty v. Dolgencorp, Inc.*, No. 4:16-cv-1932 RWS, 2016 WL 1732768, at *2 (E.D. Mo. May 2, 2016) (citing *Green v. SuperShuttle Intern., Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3)). This Court should deny Defendants' requests to dismiss plaintiffs' claims.

### CONCLUSION

For the reasons stated herein, Plaintiff requests this Court deny Defendants' Motion to Compel Arbitration and Dismiss or Stay Arbitration Plaintiffs' Claims (Doc. #231) and Supplemental Motion to Compel Arbitration and Dismiss or Stay Eric Douglas' Claims (Doc. #235), and for such other relief as this Court deems just and proper.

Respectfully Submitted,

By:     */s/ Kevin J. Dolley*
Kevin J. Dolley, (E.D. Mo. #54132MO)
Michael G. Mueth (E.D. Mo. #58995MO)
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com
michael.mueth@dolleylaw.com

*Attorneys for Plaintiff Tacita Fair*

10

*and those similarly situated*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served via the Court's electronic filing system on January 30, 2020 upon the counsel of record for Defendants.

*/s/ Kevin J. Dolley*