Exhibit 1

# CONFIDENTIAL COLLECTIVE ACTION SETTLEMENT AND RELEASE AGREEMENT

This Confidential Collective Action Settlement and Release Agreement (the "Agreement") is made and entered into by and between Tacita Fair ("Named Plaintiff"), individually and on behalf of those individuals who timely opted into the Litigation (defined *infra*) and whose consent to opt in was not subsequently dismissed or withdrawn ("Opt-in Plaintiffs") (collectively, "Class Members"), and C.U. Employment, Inc., Communications Unlimited Contracting Services, Inc., and Martin Rocha (collectively, "CU Defendants"). The Named Plaintiff, Opt-in Plaintiffs and CU Defendants shall hereinafter collectively be referred to as the "Parties."

WHEREAS, Named Plaintiff filed a Complaint in the United States District Court for the Eastern District of Missouri on behalf of herself and all others similarly situated, now captioned as *Fair v. C.U. Employment, Inc., et al*, No. 4:17-CV-02391-SRC ("Complaint"), alleging a collective action under the Fair Labor Standards Act ("FLSA"), alleging that Cable Installers were misclassified as independent contractors, and seeking damages for an alleged failure to pay overtime compensation in violation of the FLSA ("the Litigation");

WHEREAS, three hundred and one (301) individuals timely opted into the Litigation, but two hundred and seventy five (275) of those individuals were subsequently dismissed from the Litigation without prejudice, leaving twenty six (26) Opt-in Plaintiffs (shown on the list attached hereto as Exhibit A), in addition to Named Plaintiff Fair, in the Litigation as of the Effective Date of this Agreement;

WHEREAS, CU Defendants maintain that Class Members were properly classified as independent contractors, deny any allegations of misclassification or other unlawful conduct, deny that they are employers or joint employers of any technician paid on a 1099 basis, and deny the allegations in the Complaint; notwithstanding such denials, CU Defendants wish to resolve the Class Members' claims in the Litigation;

NOW THEREFORE, with the intent to be legally bound, and in consideration of the mutual promises and covenants contained herein and other valuable consideration, the adequacy and sufficiency of which the Parties hereby acknowledge, the Parties agree as follows:

1. The date this Agreement is fully executed by the Named Plaintiff and CU Defendants shall be the Effective Date of the Agreement.

2. **Payment**. In consideration for the mutual promises and covenants set forth in this Agreement, CU Defendants agree to pay the Class Members and their counsel a total gross amount of [REDACTED] ("Settlement Payment"). CU Defendants shall provide the Settlement Payment to Class Members' counsel—the Law Offices of Kevin J. Dolley, LLC—within twenty (20) days of the Final Court Order approving this Agreement. Each CU Defendant is jointly and severally responsible for payment of the Settlement Payment. The Law Offices of Kevin J. Dolley, LLC shall administer the settlement following Court approval. The Settlement Payment shall be allocated as follows:

    a. ███ payable to the Law Offices of Kevin J. Dolley, LLC for attorneys' fees;

    b. ███ payable to the Law Offices of Kevin J. Dolley, LLC for costs and expenses; and

    c. ███ payable to the Class Members pursuant to the allocations set forth in Exhibit A.

    d. ███ payable to Tacita Fair as a service payment. *See* Paragraph 9.

CU Defendants shall issue a Form 1099 to the Law Offices of Kevin J. Dolley reflecting the total payment amount set forth above.

3. Class Members, and their current, former, and future heirs, executors, administrators, attorneys, representatives, agents and assigns, hereby fully release and discharge CU Defendants and all of their respective past, present, and future parents or other affiliated corporations, divisions, subsidiaries, subcontractors, partnerships, partners, officers, directors, shareholders, employees, agents, attorneys, predecessors, successors, and assigns (and the officers, directors, shareholders, employees, agents, attorneys, predecessors, successors, and assigns of all such parent or other affiliated corporations, divisions, subcontractors, partnerships and subsidiaries) (collectively, the "Released Parties") from any and all claims related to the facts or occurrences giving rise to Class Members' claims, and for all claims that were made against CU Defendants in the Litigation, or that reasonably could have arisen out of the same facts alleged in the Litigation, including but not limited to any and all claims (1) under the FLSA, any state wage, minimum wage or overtime laws; (2) arising from breach of contract; (3) for unpaid or underpaid employee expense reimbursement; (4) for unjust enrichment; and any and all derivative claims relating to unpaid wages, minimum wage and overtime compensation, failure to provide meal periods or rest periods, alleged misclassification of independent contractor status, and any claims for attorneys' fees, costs, interest, and statutory and civil penalty based upon wage and misclassification claims in existence at any point in the past and up through the date of the Final Court Order approving this settlement, whether known or unknown, whether arising at law or in equity, or otherwise.

4. **<u>Settlement Approval; Mutual Cooperation</u>**. Named Plaintiff shall timely submit to the Court a Motion for Settlement Approval and proposed Order Approving the Settlement. The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement

and the terms set forth herein. As soon as practicable after execution of this Agreement, counsel for Class Members shall, with the cooperation of CU Defendants and CU Defendants' counsel, take all reasonable and necessary steps to secure the Court's approval of this Agreement.

5. **Dismissal of the Litigation**. Named Plaintiff agrees to file a stipulation of dismissal of the Litigation with prejudice within five (5) business days after receipt of the Settlement Payment and approval of this settlement by the Court.

6. **Tax Liability**. Class Members agree to be individually and separately responsible for any taxes that they may owe as a result of any payment made under this Agreement. No party makes any representations as to the tax consequences of the payment and benefits provided under this Agreement.

7. **No Assignment.** The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned or transferred, or purported to assign or transfer, to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged.

8. **No Admission of Liability**. The making of this Agreement is not intended, and shall not be construed, as any admission that CU Defendants violated any federal, state or local law, ordinance, or regulation, breached any contract with the Class Members, or committed any legal wrongdoing. This Agreement is a settlement document and shall, pursuant to Federal Rule of Evidence 408, be inadmissible in any proceeding, except for an action or proceeding to approve, interpret, or enforce this Agreement.

9. **Service Payment**. The Parties agree that Named Plaintiff Tacita Fair is entitled to a service payment of [REDACTED] for her service to the class and the risks she has undertaken as the class representative. The service payment for Named Plaintiff shall be paid out of the total Settlement Payment.

10. **Settlement Allocation**. The settlement allocations to Class Members are based upon available information regarding overtime hours worked during the class period by each of the Class Members (e.g., 1099s, pay stubs, other documentary evidence, and reasonable estimates of time worked). Each of the Class Members will receive a settlement allocation that is proportional to his or her alleged overtime hours worked during the class period and their length of service The preliminary settlement allocations are based on percentages derived from multiplying each Class Member's average weekly hours worked by the total number of weeks he or she worked within the class period, and then dividing that number by the product of the weekly hours worked by all Class Members times the total number of weeks worked by Class Members within the class period.

11. **Governing Law**. This Agreement is made and entered into in the State of Missouri and shall in all respects be interpreted, enforced, and governed under the laws of the State of Missouri, irrespective of conflict of laws principles.

12. **Severability**. If any of the above provisions are found null, void, or inoperative, for any reason, the remaining provisions will remain in full force and effect. Notwithstanding the foregoing, the invalidation of any material term of this Agreement will invalidate this Agreement in its entirety unless the Parties subsequently agree in writing that the remaining provisions will remain in force and effect.

13. **Authority**. The signatories represent and warrant that they have the capacity and authority to enter into this Agreement and to bind themselves to the terms and conditions set forth in this Agreement.

14. **Representation by Counsel**. The signatories have voluntarily entered and executed this Agreement with their independent and voluntary consent and after consultation with legal counsel.

15. **Joint Drafters**. The Parties agree that the terms and conditions of this Agreement are the result of arm's-length negotiations between the Parties and their counsel. The Parties each represent and warrant that the Parties to this Agreement have jointly participated in the drafting and negotiation of this Agreement. As such, the Agreement shall not be interpreted or construed against any of the Parties.

16. **Headings**. Section and paragraph titles or captions contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions. Each term of this Agreement is contractual and not merely a recital.

17. **Entire Agreement**. This Agreement contains the full agreement of the Parties and may not be modified or altered, changed or terminated except upon the express written consent of the Parties, which consent must be signed the Parties or their duly authorized agent.

18. **Breach**. Any breach of any paragraph of the Agreement by the Parties shall be considered a material breach. If a court determines that either party breached or threatened to breach this Agreement, the Parties agree that the prevailing party shall be entitled to reasonable costs and attorneys' fees incurred in enforcing this Agreement as a result of a breach, including obtaining equitable relief, which the Parties agree is allowable and appropriate as relief. The United States District Court for the Eastern District of Missouri shall retain jurisdiction to interpret and enforce this Agreement, and the Parties hereby consent to the Court retaining such jurisdiction.

19.     **Signature in Counterparts**. This Agreement may be signed in counterparts, which together shall have the same force and effect as a single original signed by all Parties.

20.     **Confidentiality.** The Parties and their counsel agree to maintain confidentiality of the Settlement Amount and the facts and circumstances concerning the settlement, except as to spouses, tax or financial advisors, attorneys, taxing agencies, or as otherwise required by law. The Parties shall inform the third parties identified immediately above of the confidential nature of the payment amounts. The Parties agree that this confidentiality provision is a material part of this Agreement. If the Court disagrees, the parties will renegotiate the confidentiality provision.  The Parties shall seek to file any document containing, or reflecting, any of the terms of this Agreement under seal, or for in camera inspection, or to redact settlement amounts in the event that the Court does not approve sealing or in camera inspection. Further, neither the Parties nor their counsel will issue any press release or otherwise comment to the press concerning the settlement (unless in the form of an agreed upon joint statement). Class counsel shall notify all Class Members in writing of their obligations under this paragraph.

21.     **Effect of Failure to Grant Final Approval:**   In the event the Court fails to enter an order approving settlement in accordance with this Agreement (except for a modification of the attorneys' fees or Service Award) the Parties shall proceed as follows:

  A.  The Lawsuit will resume unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying approval of the settlement, or (2) attempt to renegotiate the settlement and seek Court approval of the re-negotiated settlement.

  B.  In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

22.     **Future Claims.**   Should Plaintiffs' counsel receive future inquiries regarding claims against CU Defendants for wage-related claims, Plaintiff's counsel shall refer the technician to his or her direct employer for resolution.

SIGNATURES ON NEXT TWO PAGES

CONFIDENTIAL COLLECTIVE ACTION SETTLEMENT AND RELEASE AGREEMENT
Page **5** of 7

**CLASS MEMBERS**

_____   DATE: 4/10/2020
TACITA FAIR, on behalf of herself and
all Class Members


**LAW OFFICE OF KEVIN DOLLEY**
(on behalf of all Class Members and,
individually, as to paragraphs 20 and 22)

_____   DATE: 4-10-2020
Signature

__Kevin Dolley__
Printed Name

__Managing Principal__
Title


**C.U. EMPLOYMENT, INC.**

_____   DATE: 4/13/20
Signature

__Ron Kent__
Printed Name

__General Counsel__
Title


CONFIDENTIAL COLLECTIVE ACTION SETTLEMENT AND RELEASE AGREEMENT
Page 6 of 7

**COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC.**

_____   DATE: 4/9/20
Signature

Ron Kent
Printed Name

General Counsel
Title


**MARTIN ROCHA**

_____   DATE: 4/9/20
Ron Kent, counsel for Martin Rocha


**BROWN & JAMES, P.C.**
(as to Paragraph 20)

_____   DATE: 4/13/20
Signature

Steven Schwartz
Printed Name

V.P.
Title

CONFIDENTIAL COLLECTIVE ACTION SETTLEMENT AND RELEASE AGREEMENT
Page 7 of 7

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TACITA FAIR, individually and on behalf of those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:17-CV-02391- SRC |
| CU EMPLOYMENT, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

### EXHIBIT A - FLSA COLLECTIVE ACTION SETTLEMENT ALLOCATIONS

| Plaintiff | Percentage Share | Share Value |
|---|---|---|
| Andrew Adams | 1.7 | ███ |
| Joseph Blecha | 3.0 | ███ |
| Rasheeb Burns | 3.3 | ███ |
| Charles Carroll | 9.0 | ███ |
| Eric Douglas | 4.6 | ███ |
| Douglas Dudley | 1.4 | ███ |
| Steven Durham | 4.1 | ███ |
| Michael Edwards | 0.6 | ███ |
| Anthony Ellett | 4.0 | ███ |
| Eric Ewens | 6.0 | ███ |
| Tacita Fair | 13.8 | ███ |
| Steven Fulton | 5.1 | ███ |
| Abraham Garcia | 1.6 | ███ |
| Marvin Goodwin | 4.3 | ███ |
| James Griggs | 0.6 | ███ |
| Jason Howard | 1.7 | ███ |
| Joshua Jarvis | 4.5 | ███ |
| Charles Johnson | 3.7 | ███ |
| Douglas Layfield | 8.2 | ███ |
| Kevin Mallory | 0.4 | ███ |
| Terrik Miller | 1.0 | ███ |
| Ryan Molina | 5.2 | ███ |
| Donta Peterson | 2.2 | ███ |
| Paul Plaisted | 2.1 | ███ |
| Ryan Polletta | 2.0 | ███ |
| Benjamin Roussel | 0.8 | ███ |
| Christopher Royster | 5.3 | ███ |