IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TACITA FAIR, individually and on behalf of those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:17-CV-02391-SRC |
| C.U. EMPLOYMENT, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF FLSA SETTLEMENT

This matter has been submitted to the Court for approval of a settlement reached by the parties and entry of a Final Order and Judgment approving settlement of the Plaintiffs' FLSA claims. The Court having considered the papers filed and proceedings herein, having received no objections to approval of the Settlement, and otherwise being fully informed and good cause appearing therefor, finds, orders and adjudges as follows:

1. The Court grants final approval of the settlement of Plaintiffs' FLSA claims as stated in the Confidential Collective Action Settlement and Release Agreement ("Settlement Agreement") reached and entered into by the Parties, based on the Court's findings that: (a) the Settlement Agreement was entered into in good faith as a fair and reasonable resolution of a bona fide dispute under the FLSA; (b) the attorneys' fees award contained in the Settlement Agreement was negotiated separately without regard to the Plaintiffs' FLSA claim and that there was not a conflict of interest between Plaintiffs' attorneys and their clients; and (c) Plaintiffs have satisfied the standards and applicable requirements for final approval of the FLSA settlement.

2. The parties do not seek nor is approval required by this Court as to any aspects of the settlement unrelated to the FLSA.

3. The Court finds that the Settlement Agreement was reached as a result of non-collusive arm's-length negotiations between the Parties and their respective counsel. In granting final approval of the FLSA settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement thereof, the allocation of settlement proceeds, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the settlement have no obvious deficiencies. Accordingly, the Court finds that the Settlement Agreement was entered into in good faith as a fair and reasonable resolution of a bona fide dispute under the FLSA.

4. The attorneys' fee amount contained in the Settlement Agreement is not disproportionately exorbitant as to indicate collusion when compared to the compensation paid to the Plaintiffs.

5. The amount of attorneys' fees requested by Plaintiffs' counsel is not opposed by Defendants and there are no objections to it before the Court.

6. The claims arising out of the facts alleged in the Complaint asserted by the Plaintiff and the opt-in plaintiffs who receive a portion of the settlement proceeds are released and discharged as to Defendants Martin Rocha, C.U. Employment, Inc., Communications Unlimited Contracting Services, Inc., and their subcontractors.

7. The Court dismisses this case with prejudice. Except as otherwise contained within the terms of the Settlement Agreement, each party is to bear their own costs and expenses associated with the lawsuit.

**IT IS SO ORDERED:**

_SLR. CR_

HONORABLE STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF MISSOURI

Date:   May 15, 2020